**Kenneth D. INGEBRITSON, Appellant,**

v.

**Debra E. INGEBRITSON, Respondent.**

**No. WD 35578.**

Missouri Court of Appeals,
Western District.

Sept. 18, 1984.

Gary L. Stamper, Bear, Hines & Thomas, Columbia, for appellant.

Cullen Cline, Butcher, Cline, Mallory & Covington, Columbia, for respondent.

Before CLARK, P.J., and MANFORD and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

The appellant, Kenneth Ingebritson, (Kenneth) filed for dissolution of his 12-year marriage to Debra which had produced two children, ages 7 and 4. Kenneth is a product inspector. His net monthly income is $1068 and his expenses are approximately $660.00. He volunteers as a reserve police officer and as a fireman. Debra has net income of $390.00 monthly as an assistant in a nursing home. She has a high school education and faces limited job advancement. By agreement, custody of the children is with Debra. The record at trial indicates her age to be thirty.

Five months prior to the trial Kenneth was ordered to pay $100.00 per month per child and the $327.00 payments on the house where Debra and the two children resided, for a total of $527.00 per month. Making those payments made it "pretty tight" for Kenneth. Debra said she has used up savings and receives food stamps. She testified she could live on $390.00 per month if she didn't have to care for the children.

The judgment appealed from gave Debra some personal property and the house, which with debts, came to net total value of $13,410.00. Kenneth received $6,023.00 in personal property which with debts made a net to him of approximately $4,400.00. The portions of the judgment also contested are the award of $25.00 per month maintenance, and monthly support of $265.00 for each child. The scope of review in this case is set out in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The strict economic realities of this marriage are set out in this testimony of Debra: "I understand that the money we had as a husband and wife is now having to be split between two households." This result is borne out by the fact both parties end up in a negative position after payment of all expenses.

■ The ordered division of property is affirmed. Under § 452.330, RSMo.Supp. 1982, among other factors, there is a desirability to leave the family house with the spouse awarded custody. That Kenneth got no share of the equity making the total percentage of the division skewed to Debra does not call for a reversal. A just division of property does not call for an equal division. The trial court's discretion was not here abused, *Royal v. Royal*, 617 S.W.2d 615 (Mo.App.1981), under the facts and circumstances of this case. *Dardick v. Dardick*, 670 S.W.2d 865 (Mo.1984); *Scott v. Scott*, 645 S.W.2d 193, 195 (Mo.App.1982).

■ Also affirmed is the portion of the judgment allowing Debra to receive $25.00 a month in maintenance. Despite her testimony that she could survive on $350.00 a month, the factors as enunciated in § 452.335.1 RSMo.1978 and the evidence here do not make the $25.00 award patently unwarranted. This ruling will not be disturbed, *Parks v. Parks*, 657 S.W.2d 393, 395 (Mo.App.1983); *Hull v. Hull*, 591 S.W.2d 376, 382 (Mo.App.1979). The wife is not required to consume the assets before being entitled to maintenance, *Miller v. Miller*, 635 S.W.2d 350, 352 (Mo.App.1982); *Steffan v. Steffan*, 597 S.W.2d 880, 883 (Mo.App.1980). Debra has stayed home to raise the children, and her work skills are deficient in today's market. *In re Marriage of K.B. and R.B.*, 648 S.W.2d 201, 205 (Mo.App.1983).

■ Just as Debra is not here bound to her testimony that she could live on $390.00 a month (without children), so is Kenneth not bound by his testimony that despite problems he was getting by making a total of $537.00 in payments under the temporary order. On a net of $1068.00 a month, the total award of $530.00 in child support is excessive under these circumstances and as expressed under § 452.340.

> In its determination of the amounts for child support the trial court should consider the reasonable needs of the children for food, clothing, the expense of education and medical attention, and the ability of the father at the time the award is made to meet those needs. *Larison v. Larison*, 524 S.W.2d 159 (Mo.App.1975).

After giving due deference to the trial court's award, it is the opinion of this court the inability of the husband to pay requires a reduction of the judgment from $265.00 per child to $210.00 per month per child. Even with this reduction, Kenneth's ordered payments plus personal expenses will be more than his current income. In determining the reasonable needs of the children the court must consider the reasonable ability and capacity of the father to pay. *In re Marriage of Pine*, 625 S.W.2d 942, 945 (Mo.App.1981). The resources of the father to pay are a prime factor in determination of support. *Metts v. Metts*, 625 S.W.2d 896, 899 (Mo.App.1981); *L_____ A_____ J_____ v. C_____ T_____ J_____*, 577 S.W.2d 151, 154 (Mo.App.1979). Even under the scope of review the award is excessive and an abuse of discretion based on Kenneth's ability to pay, *Naeger v. Naeger*, 542 S.W.2d 344, 346 (Mo.App.1976). It then becomes the duty of this court to adjust the award, *In re Marriage of Walker*, 661 S.W.2d 65, 68 (Mo.App.1983), balancing the needs of the children as against the husband's income so as to as much as possible

provide for the needs of both, *Alvino v. Alvino*, 659 S.W.2d 266, 270 (Mo.App.1983).

The judgment is in all respects affirmed, except for the specific portions relating to child support, which are reversed and the cause remanded with directions for the court to insert the amounts of $210.00 in lieu of $265.00 per month, with a total child support of $420.00 to be paid by Kenneth.

All concur.