772 S.W.2d 653 (1989)
In re Marriage of T.B.G., Petitioner-Appellant,
v.
C.A.G., now known as C.A.M., Respondent.
No. 71265.
Supreme Court of Missouri, En Banc.
June 13, 1989.
Rehearing and Reconsideration Denied August 1, 1989.
Richard R. Vouga, Paul W. Kopsky, Lawrence G. Gillespie, Chesterfield, for petitioner-appellant.
Paul H. Schramm, Clayton, for respondent.
HIGGINS, Judge.
Husband, T.B.G., appeals from the decree of dissolution of the marriage with respondent wife who has since remarried and is now known as C.A.M. The parties were married on October 24, 1981. L.K.G. was born of the marriage on October 13, 1983. Husband filed a petition for dissolution *654 on September 30, 1985. Trial court entered its decree of dissolution on August 4, 1987, and husband appealed contending the trial court (1) erred in its award of custody of L.K.G. to wife; (2) erred in its division of marital property by awarding the wife two-thirds of the proceeds from any lawsuits instituted by the husband against wife's new husband for alienation of affections or criminal conversation; and, (3) abused its discretion in ordering husband to pay $6,000 of wife's attorney fees. The Court of Appeals, Eastern District, reversed and remanded the trial court's decree and this Court granted transfer. Mo. Const. art. V, § 10; Rule 83.03. The decree of the trial court is affirmed in part and reversed in part.
The decree of dissolution of the trial court will be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976); see also Hartig v. Hartig, 738 S.W.2d 160, 161 (Mo.App.1987); Heermance v. Heermance, 706 S.W.2d 548, 550 (Mo.App.1986); M. v. M., 688 S.W.2d 384, 386 (Mo.App.1985). "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is `against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." Murphy at 32. "Due regard shall be given to the opportunity of the trial court to have judged the credibility of the witnesses." Rule 73.01(c)(2). The trial court is free to believe or disbelieve all, part or none of the testimony of any witness. In re Adoption of W.B.L., 681 S.W.2d 452, 455 (Mo. banc 1984); Morgan v. Morgan, 701 S.W.2d 177, 179 (Mo.App.1985). When determining the sufficiency of the evidence an appellate court will accept as true the evidence and inferences from the evidence that are favorable to the trial court's decree and disregard all contrary evidence. Morgan at 179. In this case neither party requested findings of fact and conclusions of law from the trial court; therefore, this Court must presume all fact issues to have been found in accordance with the judgment. Heermance, 706 S.W.2d at 550; M. v. M., 688 S.W.2d at 386.

I.
With the proper standards of review stated, this Court examines the husband's contention that the trial court's decision to award primary custody of the minor child to the wife was against the weight of the evidence.
Section 452.375.2, RSMo 1986, provides:
The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including:
(1) The wishes of the child's parents as to his custody;
(2) The wishes of a child as to his custodian;
(3) The interaction and interrelationship of the child with his parents, his siblings, and any other person who may significantly affect the child's best interests;
(4) The child's adjustment to his home, school, and community;
(5) The mental and physical health of all individuals involved; and
(6) The needs of the child for a continuing relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child.
After reviewing the record, this Court does not have a "firm belief" that the decree of the trial court awarding custody of L.K.G. to wife was wrong; therefore, it has not been demonstrated that the trial court's determination to award primary custody of L.K.G. to wife was against the weight of the evidence. Murphy, 536 S.W.2d at 32; Hartig, 738 S.W.2d at 161; Heermance, 706 S.W.2d at 550.
Husband contends that adulterous behavior of the wife precludes a finding that the best interest of L.K.G. would be served by awarding wife primary custody of her. Although it is a factor in determining what is in the best interest of L.K.G., wife's extramarital relationship *655 with her current husband during the pendency of a dissolution does not disqualify her from becoming the custodial parent. In re Marriage of Newberry, 745 S.W.2d 796, 797 (Mo.App.1988); Wilhelmsen v. Peck, 743 S.W.2d 88, 93 (Mo.App.1987); M.D.R. v. P.K.R., 716 S.W.2d 866, 869 (Mo. App.1986). Awarding custody of a child to one spouse rather than the other should not be a "reward" or "punishment" for conduct of the other spouse, but rather in the best interest of the child.

II.
The husband contends the trial court erroneously applied the law in dividing the marital property by awarding the wife two-thirds of the proceeds from any lawsuits instituted by husband against the wife's current husband for alienation of affections or criminal conversation. Further discussion of this issue is not necessary because wife conceded this point and abandoned this position on appeal before this Court.

III.
Husband contends the trial court abused its discretion in ordering him to pay $6000 of wife's attorney fees. Section 452.355, RSMo 1986, provides:
The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment.
One factor to consider in awarding attorney fees to a party is the extent to which the other party's conduct required the expense of attorney's fees. Hogrebe v. Hogrebe, 727 S.W.2d 193, 195 (Mo.App. 1987); In re Marriage of Brewer, 592 S.W.2d 529, 536 (Mo.App.1979).
The principal contested issue at trial was the custody determination. No doubt the bulk of attorney's fees were spent in regard to that issue. There is evidence in the record that would support a finding by the trial court that husband only sought custody of L.K.G. to punish wife or in the alternative to force reconciliation. The trial court is in a better position not only to judge the credibility of the witnesses but also the sincerity in their positions, which might not be completely revealed by the record.
Wife incurred attorney fees as a result of husband's insistence on memoranda filed with the court for all deviations from the custody schedule during the pending of the proceedings although at times he had no objection to such deviation. Wife also incurred attorney fees in defending against husband's motion for restoration of custody. The attorney fees incurred in respect to husband's motion for restoration of custody were precipitated by husband's conduct in maintaining L.K.G. in an environment detrimental to her health, to the point that she required medical treatment.
Husband argues that wife's financial position as a result of her current husband's superior financial resources commands a conclusion that the trial court abused its discretion in ordering him to pay a portion of her attorney's fee. Nevertheless, respective financial resources is but one factor to be considered in awarding attorney's fees. Kieffer v. Kieffer, 590 S.W.2d 915, 919 (Mo. banc 1979); In re Marriage of Brewer.
The $6000 award is only a portion of the attorney fees wife expended. In light of the husband's conduct during the pendency of this case, he has failed to demonstrate that the trial court abused its discretion in awarding wife $6000 for a portion of her attorney's fees.
The decree of the trial court is affirmed in all respects except the award to the wife of two-thirds of the proceeds from any alienation of affections or criminal conversation claims brought by husband, which is reversed.
All concur.