**OLIN MILLER INSURANCE, INC., Respondent,**

v.

**HILL BROTHERS CONSTRUCTION, INC., Appellant.**

**No. WD 44563.**

Missouri Court of Appeals, Western District.

April 14, 1992.

John Gregory Dorsey, North Kansas City, for appellant.

Dan Dykstra, Kansas City, for respondent.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

ULRICH, Judge.

Hill Brothers Construction, Inc. (Hill Brothers), appeals from adverse judgment in favor of plaintiff, Olin Miller Insurance Company (Olin Miller), for $11,937.77 plus interest. Olin Miller sued Hill Brothers for unpaid insurance premiums. Hill Brothers' sole point on appeal is that the trial court erred in failing to grant judgment for Hill Brothers because, Hill Brothers contends, Olin Miller did not prove the amount of the premiums owed on the issued insurance policies. Judgment is affirmed.

During the period from 1987 through 1989, Olin Miller acted as an insurance agent for Hill Brothers in acquiring certain automobile, Workers' Compensation, and comprehensive liability insurance policies. Olin Miller procured insurance for Hill

Brothers through American States Insurance. When each of these insurance policies was issued, Hill Brothers paid an initial premium deposit based on Hill Brothers' estimates of the risk items insured by each policy. At the end of each policy year, an audit was performed by American States Insurance determining if an additional premium, or refund of the initial premium deposit, was due. The final premium at the conclusion of the policy year is based on American States Insurance's actual exposure during the policy period.

Hill Brothers disputes the accuracy of premium audits performed on three insurance policies procured by Olin Miller. These audits established that Hill Brothers owed to Olin Miller $2,232.77 for the remaining balance due on the general liability policy for the period of April 4, 1987, to April 4, 1988; $5,856 for the balance due for the general liability policy for the period of April 4, 1988, to April 4, 1989; and $2,556 for the balance due for the Workers Compensation policy for the period of April 4, 1988, to April 4, 1989.

Steve Parsons, the American States Insurance premium auditor, testified at trial. Mr. Parsons performed his own premium audits on the Hill Brothers' accounts that are in dispute. Mr. Parsons obtained the information he used for his audits from Hill Brothers' accountant, Ferrin Accounting. Mr. Parsons also obtained from Rick Hill, a representative of Hill Brothers, information relating to the classifications of work performed by Hill Brothers during the period covered by the policies. Mr. Parsons stated that, although he did not personally prepare the American States Insurance premium audit statements, he did compare the premium audit statements prepared by American States Insurance to his own audits and testified that the premium audit statements were correctly and accurately completed.

Olin Miller also introduced into evidence, absent timely objection by Hill Brothers, documents which established the existence of the three insurance policies. The premium audit statements, introduced as plaintiff's exhibits numbers 1, 3, and 5, provide the payroll amount information, which is necessary in determining the amount of premiums owed to Olin Miller. The premium rates applicable to the coverages are also shown on each of the premium audit statements. Finally, these premium audit statements demonstrate that Hill Brothers had already deposited premium payments with Olin Miller, as required by their insurance contracts.

Based upon this evidence, the court found in favor of Olin Miller and against Hill Brothers in the amount of $11,937.77. The court also assessed interest against Hill Brothers at the rate of 9 percent per annum from October 1, 1989, for the amounts owing on $2,556 and $5,856, and from April 4, 1989, for the amount owing on $1,293.

■ In a judge-tried case, the trial court's decision will be affirmed unless there is no substantial evidence to support the judgment, unless the decision is against the weight of the evidence, or unless the trial court erroneously declares or misapplies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In determining the sufficiency of the evidence, this court reviews the evidence and all reasonable inferences from such evidence in the light most favorable to the trial court's decision. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989). Furthermore, all contrary evidence will be disregarded. *Id.* Appellate courts also recognize that "[t]he trial court is free to believe or disbelieve all, part or none of the testimony of any witness." *Id.*

■ Hill Brothers contends, as its sole issue on appeal, that the trial court erred in refusing to grant judgment for Hill Brothers because, appellant asserts, Olin Miller failed to provide sufficient evidence proving the amount of the premiums due for the three insurance policies. Hill Brothers also argues that the record is devoid of evidence establishing the insurance policies and that the record is absent evidence of Hill Brothers' financial records upon which the premium audits were calculated. Hill Brothers contends that *Continental Casualty Co. v. D.L.H. Serv., Inc.*, 752 F.2d 353

(8th Cir.1985), is dispositive of this appeal because, it argues, in that decision, as well as in the present appeal, no evidence was presented demonstrating the accuracy of the amount of premiums allegedly owed or how the premiums were calculated. *Id.*

The record contains sufficient evidence supporting the trial court's decision. Mr. Parsons performed premium audits of the Hill Brothers' accounts which are in dispute. Mr. Parsons obtained the information necessary to perform these audits from Hill Brothers' accountant, Ferrin Accounting. Mr. Hill, a representative from Hill Brothers, testified that he gave accurate payroll information to Ferrin Accounting. Mr. Parsons testified that the premium audit statements that were prepared by American States Insurance, when compared to his own audit work, were accurate. Additionally, Mr. Parsons obtained from Mr. Hill the proper classifications necessary for the premium audit reports. Furthermore, each of Olin Miller's premium audit statements showed the deposit of premium payments by Hill Brothers, as well as the rates charged at the time Hill Brothers made the premium deposits on the three policies in dispute. Finally, the payroll amount information is shown on the premium audit statement in the Exposure Column of those documents. This evidence establishes the existence of the insurance policies between the two parties. Therefore, there is substantial evidence in the record establishing the existence of the insurance policies between American States Insurance and Hill Brothers, and there is substantial evidence establishing the accuracy of the amounts of premium payments still owed by Hill Brothers. The trial court's judgment is affirmed.

All concur.