**Donald L. WALLACE, Respondent,**

v.

**Katherine R. WALLACE, Appellant.**

**No. WD 45392.**

Missouri Court of Appeals,
Western District.

Sept. 29, 1992.

Daniel G. Barry, Warrensburg, for appellant.

George R. Lilleston, Clinton, for respondent.

Before TURNAGE, P.J., and
BRECKENRIDGE and HANNA, JJ.

PER CURIAM.

Katherine R. Wallace appeals from the Judgment and Decree of Dissolution of Marriage entered by the Circuit Court of Henry County denying her request for maintenance. Katherine Wallace (Wife) presents three points on appeal, claiming that the trial court: (1) erred in failing to award maintenance to Wife because the court misapplied the law; (2) abused its discretion in denying Wife maintenance because the court's denial was not supported by substantial evidence and was against the weight of the evidence; and (3) abused its discretion in denying Wife maintenance on the basis of the inability of Donald Wallace (Husband) to pay because the court's denial was against the weight of the evidence. The judgment is reversed and remanded.

The parties were married on August 25, 1979, separated on September 16, 1990, and the marriage was dissolved by the circuit court on September 16, 1991. There were no children born of the marriage.

Wife was awarded the 1978 Buick automobile, the 1972 Chevrolet automobile and various household goods. Husband was ordered to pay Wife $601 as one-half of his pension fund and $4,016.00 as one-half of the equity in the marital residence. Husband received the balance of the marital property, including the marital residence which was appraised at $13,500.00 with an outstanding mortgage of $5,467.77, a 1965

Dodge truck, a 1982 Chevrolet truck, a 1969 Dodge truck, and various household goods. Husband was ordered to pay debts, in addition to the mortgage on the marital residence, in the amount of $3,158.53. Wife was ordered to pay debts in the amount of $260.00. Both parties were ordered to pay their own attorney's fees.

Husband's gross wages at Rival Manufacturing Company, his current employer of about ten years, total approximately $1,250.00 a month. Wife is not employed and her income consists of $80.00 per month in General Welfare Relief, $105.00 per month in Food Stamps, $14.00 per month utility allowance from HUD and $20 to $40 per month for serving as secretary of the Eagles Club. During the divorce proceedings, Wife was also receiving temporary maintenance of $25.00 per week.

The record contains extensive evidence pertaining to Wife's mental and physical health. Wife, currently 51 years of age, suffers from high blood pressure and obesity. Sitting or standing for long periods causes Wife to have pain in her legs due to poor circulation. Wife received social security disability benefits during the marriage for some of these conditions. The benefits were discontinued due to a determination that with vocational rehabilitation she would be employable.

Wife was not steadily employed outside the home during the marriage. In 1982 or 1983, Wife had four months of computer and secretarial vocational training. Although she currently performs light secretarial duties, at her leisure, for the Eagles Club, this is not a full-time position and pays only a monthly stipend of $20 to $40.

Husband admits to engaging in two extra-marital affairs during the marriage, the second of which led to the dissolution of his marriage to Wife. Wife testified that Husband's affair caused her emotional distress and depression and that she checked into the stress unit of the local hospital after confronting Husband about his extra-marital activities. The trial court dissolved the Wallaces' marriage but denied Wife's request for maintenance.

Review of this case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The trial court's decision regarding maintenance should be affirmed on appeal unless there is no substantial evidence to support the decision, it is against the weight of the evidence or it erroneously declares or applies the law. *Id.* at 32. On appeal, the court will view the evidence, with all inferences flowing therefrom, in the light most favorable to the trial court's decree. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989). In addition, deference is given to the opportunity of the trial court to judge the credibility of the witnesses. *Id.* "The trial court is free to believe or disbelieve all, part or none of the testimony of the witnesses." *Id.* Furthermore, the trial court is granted wide discretion in awarding maintenance. *King v. King*, 762 S.W.2d 544, 546 (Mo.App.1989).

In her first point on appeal, Wife claims that the trial court erroneously applied the law when it considered Husband's ability to pay in making the threshold determination of whether Wife was entitled to maintenance. Wife's second and third points on appeal present essentially the same claim, namely, that the trial court abused its discretion in denying Wife's request for maintenance because the court's denial was against Husband's version of the controverted evidence which showed that Husband had engaged in marital misconduct, Wife was unemployed at the time of trial, Wife has a gross monthly income of $220 to $240 while Husband's gross monthly income is approximately $1250, and Wife has insufficient property to meet her reasonable needs.

As to Point I, § 452.335.1, RSMo Cum.Supp.1991 [1], sets forth the two part threshold test for an award of maintenance. The court should first consider whether the party requesting maintenance has sufficient property, including marital

---

1. All statutory references are to Revised Missouri Statutes Cumulative Supplement 1991, unless otherwise indicated.

property divided during the dissolution proceedings, to provide for his or her reasonable needs. *Whitworth v. Whitworth,* 806 S.W.2d 145, 148 (Mo.App.1991). If the party requesting maintenance has insufficient property to meet his or her needs, the court then examines whether the party's reasonable needs can be met through appropriate employment. *Id.* Maintenance can only be awarded if the requesting party cannot meet his or her reasonable needs through property or employment.

■ In the present case, the trial court found that maintenance was not in order for either party due to the fact that neither party would be able to pay maintenance if it were ordered. Section 452.335.2 sets forth a list of factors which are to be considered in setting the amount and duration of maintenance. The factors in § 452.-335.2, one of which is the spouse's ability to pay, are only to be considered after the court finds that the threshold test is satisfied and allows an award of maintenance. The record does not reveal whether the trial court misapplied the law in its threshold determination of Wife's eligibility for maintenance by considering Husband's ability to pay or merely found that the amount of maintenance should be zero when considering the Husband's ability to pay. To determine if the trial court misapplied the law or abused its discretion by entering a judgment against the weight of the evidence in denying maintenance to Wife, it is necessary to consider the evidence as directed by § 452.335.

■ In applying the first prong of the threshold test, it is evident that Wife does not have sufficient property to meet her reasonable needs. Wife has no separate property and no income producing property. Wife's only assets consist of property awarded to her in the dissolution proceedings which includes two older model automobiles, miscellaneous household goods and money awards of approximately $4,600.00. This property is insufficient to provide for Wife's reasonable needs for more than the immediate future. Additionally, the law is well-settled in Missouri that the spouse seeking maintenance is not re-

quired to deplete his or her assets or consume the marital property before being entitled to maintenance. *Whitmore v. Whitmore,* 732 S.W.2d 572, 574 (Mo.App. 1987); *Ingebritson v. Ingebritson,* 677 S.W.2d 924, 926 (Mo.App.1984); *Fausett v. Fausett,* 661 S.W.2d 614, 617 (Mo.App. 1983).

Since Wife has insufficient property to meet her reasonable needs, the second prong of the threshold test requires examination of Wife's ability to meet her needs through appropriate employment. *King,* 762 S.W.2d at 546. Wife was unemployed at the time of trial and has limited public assistance income totaling only about $200 per month. Although she receives a stipend of $20 to $40 a month for secretarial duties at the Eagles Club, this is not full-time employment and does not cover her reasonable needs.

■ In Missouri, unemployment alone is not enough to require an award of maintenance. *Beckman v. Beckman,* 545 S.W.2d 300, 302 (Mo.App.1977). In fact, after dissolution, the parties are encouraged to become self-sufficient by fulfilling their affirmative duty to seek employment. *In re Marriage of Goodding,* 677 S.W.2d 332, 337 (Mo.App.1984). The court may consider the effect the physical condition of the spouse requesting maintenance has on his or her capacity to work and earn a living in deciding whether to award maintenance. *McCallister v. McCallister,* 809 S.W.2d 423, 429 (Mo.App.1991). Wife presented detailed testimony at trial regarding health problems which make her unable to work. Wife's evidence outlined health problems beyond the high blood pressure, obesity and circulation problems acknowledged by Husband in his testimony. Wife testified that she suffers from mental and physical disabilities including depression, an umbilical hernia, blockage in arteries in her legs, and varicose veins. Wife also testified that she had a stroke in 1989 caused by high blood pressure and that her umbilical hernia prevents her from lifting heavy objects. Wife's evidence also showed that her mental and emotional condition affects her ability to concentrate and

her memory, disrupts her sleep and causes nervousness.

Wife's treating physician and psychiatrist testified that Wife's physical and mental condition make her unable to work. In addition, a vocational expert testified that Wife's age, education, job skills, physical limitations, and mental condition make her unemployable in today's economy.

Wife has not held a full-time job since 1978. From 1970 to 1978 Wife drove a school bus and from 1975 to 1978, in addition to driving the bus, she worked part-time on the weekends as a cashier at a drive-in theater. The record is void as to the amount of income Wife received from either of these jobs. During the last twelve years, Wife's employment included approximately three years of baby-sitting at a rate of $25 to $30 a week and part-time secretarial duties for the Eagles Club at a rate of about $20 to $40 a month.

It appears the trial court disbelieved Wife's evidence of her physical and mental health and her inability to be employed, as it was entitled to do in judging the credibility of the witnesses. Even so, the trial court abused its discretion by denying Wife maintenance. When the evidence is viewed in the light most favorable to the trial court's decree, and Wife is assumed to be employable, there is no evidence to support a finding that Wife would be able to meet her reasonable needs through such employment. Husband did not enter evidence of Wife's earning capacity when she held a full-time job in the 1970's. The only evidence of Wife's income capacity was based on her employment during the marriage. If Wife returned to baby-sitting at a rate of $30 a week and received $40 a month for her duties at the Eagles Club, her annual gross income would be only about $2000 which is insufficient to meet her reasonable needs. When applying the two-prong threshold test, Wife meets the criteria for an award of maintenance.

■ After determining that maintenance is appropriate, the trial court then considers the ten factors set forth in § 452.335.2 in determining the amount and duration of maintenance. The trial court is not required, however, to specifically address each factor. *McCallister*, 809 S.W.2d at 429.

The following factors set forth in § 452.-335.2 are relevant to the present case: (1) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently; (3) the comparative earning capacity of each spouse; (7) the age, and the physical and emotional condition of the spouse seeking maintenance; (8) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance; and (9) the conduct of the parties during the marriage. The trial court should use these factors in awarding maintenance to balance the reasonable needs of the spouse seeking maintenance with the other's ability to pay. *Bixler v. Bixler*, 810 S.W.2d 95, 99–100 (Mo.App.1991).

■ Husband's after-tax income totals approximately $950. Although the dissolution decree makes Husband responsible for almost all the marital debt, the debt total is a moderate amount. From Husband's own evidence the mortgage payment is only $99.93 per month and his payments on the remaining portion of the debts total $236.06 per month. Even considering additions of interest, at this rate of payment, the debts other than the mortgage should be discharged in a short period of time. The responsibility for all or almost all the marital debt does not preclude the court from awarding maintenance to Wife. *In re Marriage of Hall*, 801 S.W.2d 471, 473 (Mo.App.1990). When Husband's ability to pay is balanced against Wife's striking inability to meet her reasonable needs, the balance tilts in favor of maintenance. Husband's present and past earnings are evidence of his ability to provide for his needs and the needs of Wife. There is competent and substantial evidence in the record to establish that Husband has the ability to pay maintenance.

Wife's age and physical and emotional condition are also factors in determining the amount and duration of the award. Wife is 51 years of age and suffers from

physical disabilities. Wife's age and physical health will make it difficult to obtain and maintain full-time, permanent employment.

When the comparative earning capacity of each spouse is examined, also a factor in the award of maintenance, it is evident that Husband's earning capacity far exceeds that of Wife. In *In re Marriage of Jadwin,* 671 S.W.2d 9, 10 (Mo.App. 1984), the court found that gross and permanent disparity between the parties' capacity to work and earn is justification for an award of maintenance.

The conduct of the parties during the marriage is also a factor to be considered. Husband testified to his involvement in two affairs during the marriage, the second of which led to the dissolution of his marriage to Wife.

As a whole, the factors weigh in favor of Wife. The trial court's decision denying Wife maintenance because of Husband's inability to pay is against the weight of the evidence. Wife should receive an award of maintenance since she is unable to meet her reasonable needs through property and employment.

Under Rule 84.14, the appellate court is obligated to enter the judgment the trial court should have entered in order to finally dispose of the case. *Campbell v. Campbell,* 825 S.W.2d 319, 322 (Mo.App. 1992). In light of the trial court's finding concerning Husband's limited ability to pay, as well as the evidence of the Wife's circumstances, the court finds a just amount of support would be the sum of $175.00 per month.

The judgment is reversed and cause remanded with directions to the trial court to enter an order, subject to modification, for maintenance to be paid by Husband to Wife in the sum of $175.00 per month.