**Steven Glen COWEN, Respondent,**

v.

**Linda Gale COWEN, Appellant.**

No. 18752.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 12, 1994.

Motion for Rehearing and/or
Transfer Denied Feb. 1, 1994.

Patrick L. King, Rolla, for appellant.

No appearance for respondent.

MONTGOMERY, Judge.

Linda Gale Cowen (Linda) appeals from a decree dissolving her marriage to Steven Glen Cowen (Steve). Linda limits her appeal to a challenge of the amount of child support the trial court awarded to her.[1]

Steve and Linda married on November 16, 1986. Two children were born of the marriage: Joshua, born September 13, 1987, and Matthew, born September 15, 1988. The

---

1. We are unaided by a brief from Steve on this appeal.

parties separated in April 1991, and Steve filed a petition for dissolution in July 1992. Subsequently, Linda filed a counter-petition for dissolution.

The case was tried on February 23, 1993. After taking the case under advisement, the trial court entered a decree of dissolution of marriage on March 25, 1993. The terms of the decree divided the marital and non-marital property, denied maintenance to either party, awarded joint custody of the children to the parties, and awarded Linda primary physical custody of the children. Steve was granted reasonable visitation rights and ordered to pay child support of $217 per month per child.

In Linda's only point on appeal, she claims that the trial court erred by basing the child support award on Steve's present income, because he was capable of earning a greater income since he had earlier done so. From her argument, we glean that Linda actually contends that the amount of the child support award is against the weight of the evidence.

After reviewing the record we must say that Linda presented sparse evidence at trial on the issue of Steve's ability to earn more than his present income.[2] The only witnesses to testify were the parties.

Steve testified that at the time the parties separated he was working for a company he referred to as "ITR" and that ITR "shut down" in November 1992. After being unemployed for a time and looking for work "at a couple of other places," he was reemployed about January 1, 1993, by Triple T Trucking as a truck driver. He testified that his wages at the time of trial amounted to $946 monthly, based on a 40-hour week at $5.50 per hour.

Linda testified that Steve had a high school education and was in good health. She stated that Steve made $38,000 in 1990 (presumably at ITR) as reflected by the parties' joint tax return. However, Linda admitted that Steve's 1990 earnings were "way up" and that "he made probably the most year that [sic], you know, than previous

years." When asked if Steve was capable of earning $38,000 yearly, Linda said, "He did it once. I think he can do it again."

Both Linda and Steve presented the trial court with a completed Form 14 work sheet as required by Rule 88.01.[3] Linda's Form 14 imputed income to Steve of $3,170 monthly based on his 1990 earnings. Steve's Form 14 reflected his current income of $946 monthly. Naturally, the child support required under Linda's calculation was much higher than the amount shown by Steve's computations. The trial court based the child support award on Steve's Form 14.

■ Our review of a dissolution decree is governed by Rule 73.01(c) and the principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *See Mistler v. Mistler*, 816 S.W.2d 241, 245 (Mo.App.1991). Thus, we must affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32.

■ When determining the sufficiency of the evidence, we accept as true the evidence and inferences from the evidence that are favorable to the trial court's decree and disregard contrary evidence. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989). All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached. Rule 73.01(a)(2); *In re Marriage of Dempster*, 809 S.W.2d 450, 456 (Mo.App.1991).

The phrase "weight of the evidence" means its weight in probative value, not the quantity or amount of evidence. The weight of the evidence is not determined by mathematics; it depends on its effect in inducing belief. *Johnson v. Gregg*, 807 S.W.2d 680, 685 (Mo. App.1991).

■ We should exercise the power to set aside a decree or judgment on the ground that it is against the weight of the evidence with caution and with a firm belief that the

---

2. Linda's attorney on this appeal is not the same attorney who represented her at trial.

3. Rule references are to Missouri Rules of Court (1993).

decree or judgment is wrong. *Murphy*, 536 S.W.2d at 32.

■ We give due regard to the trial court's opportunity to judge the credibility of witnesses. Rule 73.01(c)(2). The trial judge may believe or disbelieve all, part, or none of the testimony of any witness. *Herbert v. Harl*, 757 S.W.2d 585, 587 (Mo. banc 1988).

Although the trial court made no formal findings, in a March 12, 1993, letter to the parties rejecting Linda's requested child support, the trial court noted the evidence of Steve's current and past income and said, "[Linda] failed to demonstrate that [Steve] has the ability and present opportunity to earn more."[4]

In support of her position, Linda primarily relies on *Schulze v. Haile*, 840 S.W.2d 263 (Mo.App.1992), *Riaz v. Riaz*, 789 S.W.2d 224 (Mo.App.1990), and *Goodwin v. Goodwin*, 746 S.W.2d 124 (Mo.App.1988). None of these cases aid her.

As provided by Rule 88.01(e), there is a rebuttable presumption that child support calculated in accordance with Form 14 is correct. A provision under the directions for use following Form 14 provides:

> If either parent is unemployed or underemployed, child support may be calculated in appropriate circumstances based on a determination of potential income. To determine potential income, the court may consider employment potential and probable earnings level based on the parent's recent work history, occupational qualifications, [and] prevailing job opportunities in the community....

The *Schulze* court said this provision "is consistent with the established case law that a trial court may impute a higher income to a noncustodial parent than he is actually earning, if the evidence shows that the parent has the capacity to earn more but voluntarily refuses to do so." *Schulze* at 264. We agree with this rule but look in vain for evidence that Steve had the capacity to earn more, yet voluntarily refused to do so.

*Riaz* is a case in which a higher income was properly imputed to the husband to determine his child support obligation. The evidence revealed that he was capable of earning a substantial income by reason of his education and experience, that he had earned $70,000 yearly in the past, and that his present income was artificially low due to "manipulation" of his income with the help of his brother. These facts are unlike those in the present case.

In *Goodwin*, this Court found that substantial evidence supported a child support award based upon income imputed to the father. The evidence clearly revealed he had intentionally decreased his income prior to trial by working less and spending more. No such evidence exists in the present case.

In contrast, *In re Marriage of Lowe*, 860 S.W.2d 813 (Mo.App.1993), which this Court recently decided, is factually similar to the instant case. There, a mother appealed from an order requiring her to pay child support to the custodial father based on income imputed to her. The evidence revealed that, prior to moving to Minnesota with her current husband, the mother had earned $21,000 in less than one year. Her prior earnings history reflected income of $10,000 to $11,000 yearly. She testified that she had not looked for employment in Minnesota but was planning to do so. However, the trial court imputed income of $21,000 to her in determining child support. We held that there was no substantial evidence to support the trial court's order because the record was bare of evidence regarding her job skills and the availability of similar work within a reasonable distance from her new home. *Id.* at 818.

■ Here, as in *Lowe*, the record is bare of evidence concerning Steve's job skills and the availability of similar work. The income Linda seeks to impute to Steve is based on only one year of elevated income. For these reasons, *Lowe* is persuasive.

The trial court was entitled to believe that Steve lost his job and was unable to find a

---

4. Linda indicates in her brief that she requested the court to make findings of fact and that the court ignored her request. The page in the trial transcript to which she refers us, however, contains no such request.

similar one. Even if the trial court believed Linda, her testimony fails to establish that Steve had the present ability to earn $38,000 yearly; he had done so only once, and it was the most he had ever made. Furthermore, Linda presented no evidence that Steve intentionally decreased or "manipulated" his income to an artificially low level. She failed to establish that Steve's training and experience (whatever it was) at ITR qualified him to obtain an available, similar job, at a comparable wage. Therefore, the child support award is supported by substantial evidence and is not against the weight of the evidence.

Linda bears the burden of demonstrating error. *In re Marriage of Swofford,* 837 S.W.2d 560, 566 (Mo.App.1992). She has failed to meet that burden, and her point must fail.

Judgment affirmed.

PARRISH, C.J., and SHRUM, J., concur.