DIVISION OF FAMILY SERVICES, State of Missouri, Christina Marie Smelser, By and Through Her Next Friend, Leah Bernice (Smelser) Mack and Leah Bernice (Smelser) Mack, Individually, Respondents,

v.

Rudy Lynn ELLIS, et al., Defendants,

and

Bernice E. Young, Intervenor/Appellant,

and

Arthur Lanney Mack, Respondent.

No. WD 47163.

Missouri Court of Appeals, Western District.

Feb. 15, 1994.

David Keith Holdsworth, Liberty, for appellant.

John R. Sanderford, Kansas City, for Leah Bernice (Smelser) Mack and Arthur Lanney Mack.

John D. Harding, Cape Girardeau, guardian ad litem.

Before BRECKENRIDGE, P.J., and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

This is a grandmother's appeal from a judgment of the circuit court modifying, and restricting, her rights of visitation with her three grandchildren as provided in an earlier order.

Grandmother also appeals from the judgment dismissing her petition for contempt against her daughter and her daughter's husband, for their alleged contumacious violation of the order granting visitation rights to grandmother. The alleged contumacious action consisted of her daughter's refusing to allow grandmother to visit the two grandsons, both under three years of age, outside their residence.

For reasons hereinafter explained, we affirm both judgments.

The three grandchildren are the children of Leah, who is the daughter of grandmother. The first of the three grandchildren, Christina, was born November 11, 1985. Leah was not married at the time. The trial court made an order in December, 1988, which established grandmother's visitation rights with Christina. This order was modified on September 15, 1989. The order as modified provided for grandmother's visitation with Christina from Friday afternoon to Saturday evening on alternating weekends, all day each and every December 26th, for several hours around Christina's birthday, and for two one-week periods of visitation during the summer. This visitation schedule continued in effect until the present modification, which is before us on this appeal.

Quite soon after the December, 1988 order, Leah married Lanney, who is not Christina's biological father. Two sons were born to Leah and Lanney. Arthur was born April 1, 1989, and William was born March 19, 1990. Grandmother successfully sought trial court

orders for visitation privileges with Arthur and William. The order which was entered April 27, 1990, was based upon a stipulation of the parties. This order provided for grandmother's visitation with the boys from 12:00 to 1:30 p.m. on alternate Fridays, until they respectively reached the age of three years. When they respectively reached the age of three years, they were to be on the same visitation schedule as Christina.

The order modifying grandmother's visitation rights, which is before us on grandmother's appeal, severely restricted grandmother's visitation rights with Christina. It provided for visitation with Christina only from 12 noon to 6 o'clock p.m. on the fourth Saturday of each month. The order as modified also restricted grandmother's visitation rights with Arthur and William.

First, the dismissal of the contempt citation, for Leah's alleged refusal to allow grandmother's visitation with the boys outside their residence:

■ The visitation order did not say grandmother should be allowed to take the boys from their residence; the order said only that grandmother could visit Arthur and William on the second Saturday of each month from 12:00 noon until 1:30 p.m., one and one-half hours separate visitation per child. It was not specific as to place. Leah testified she had not denied grandmother's visitation with the boys. Leah objected to grandmother's being accompanied by her mother—mother's grandmother, and the boys' great-grandmother, who lived with grandmother. The reason for Leah's objection to great-grandmother's presence was her derogatory comments about Leah's husband, the father of the two boys and Christina's stepfather. The great-grandmother's presence seemed to excite Lanney's anger. Once Lanney's mother, who lived next door, and who owned the property where Lanney and Leah lived with the three children, ordered great-grandmother off the property. There was perhaps an interruption in the bi-weekly visits of grandmother to the two boys, but Leah would take the boys to a McDonald's restaurant for their visits with grandmother. Leah testified grandmother wanted the visits with the boys in a

"public place," so great-grandmother could be present. The evidence shows that communications between Leah and grandmother were always open, though sometimes turbulent.

The court's finding on grandmother's motion for contempt was that "there was adequate cause for denial of visitation and Mother and Stepfather have demonstrated a willingness to comply with the 1990 Visitation Order." The court ordered the dismissal of the motion.

■ The court's order dismissing the motion for contempt is well supported by the evidence which we have recounted above. The operative rule in this case is that, in child custody and visitation cases, the courts have not been willing to impose the harsh sanction of contempt upon a parent unless his disobedience of the court's decree is willful and intentional. *Shoemaker v. Shoemaker*, 812 S.W.2d 250, 253 (Mo.App.1991); *Shanks v. Shanks*, 603 S.W.2d 46, 48 (Mo. App.1980). We defer to the trial court's assessment of the situation with respect to Leah's and Lanney's compliance, or reasons for non-compliance, with the order of grandparent visitation.

Second, grandmother appeals from the order modifying the order of visitation. She argues that there was no evidence to support any change of circumstances justifying the modification, and no evidence that the modification, and the restriction of grandmother's visitation privileges, served the best interests of the children.

■ The evidence, however, amply supports the trial court's order of modification. The ordering of grandparents' visitation is authorized by section 452.402, RSMo Supp. 1993. The court has wide discretion in granting grandparents' visitation, and in placing limits thereon. *Harris v. Harris*, 685 S.W.2d 242, 244 (Mo.App.1985).

■ In the modification order which is now before us on appeal, the trial court substantially limited grandmother's visitation rights as granted by the earlier orders. Grandmother says there was no such change of circumstances or conditions as to justify

the modification of the earlier visitation order. The court found, however, that there was.

The various visitation orders provided: "Grandmother shall not smoke tobacco in the children's presence and shall take every reasonable precaution to avoid the children's exposure to tobacco smoke."

Leah testified that Christina came home with the smell of tobacco smoke on her person after a visit with her grandmother, and also that she simulated smoking cigarettes with a stick, or a pencil. On one occasion, Christina reported to Leah that she had been burned with a cigarette. A witness testified to seeing grandmother smoking while driving a van in which Christina was a passenger. When Leah has remonstrated with grandmother, she has been rebuffed. Grandmother's physical health had suffered from a heart attack, so that she was unable, according to Leah's testimony, to lift children, or to push or pull. Leah cited one instance when William was unable to extricate himself from a bed of plastic balls in a "ball pit," and grandmother was unable to rescue him from his predicament.

There was evidence also that grandmother did not respect Leah's wishes as to where grandmother could take Christina. Grandmother disregarded Leah's directions that Christina not be taken to a halfway house where grandmother went to visit a relative. Grandmother exposed Christina to derogatory remarks about Lanney. There was evidence that Christina's visits with grandmother were followed by difficulties with Christina's discipline. The court could have concluded from the evidence that grandmother's influence on Christina undermined Christina's filial respect for Leah and Lanney, and consequently undermined Leah's and Lanney's parental authority.

■ Where the evidence is in conflict, we, as a necessary rule of appellate procedure, accept the evidence tending to support the judgment of the trial court. *T.B.G. v. C.A.G.,* 772 S.W.2d 653, 654 (Mo. banc 1989); *Price v. American Bank of St. Louis,* 793 S.W.2d 593, 597–98 (Mo.App.1990).

The judgment of the trial court modifying grandmother's visitation order is affirmed.

All concur.