In re the MARRIAGE OF Richard
E. WORMINGTON, and Dawn
K. Wormington.

Richard E. WORMINGTON,
Petitioner–Appellant,

v.

Dawn K. WORMINGTON, Respondent–
Respondent.

No. 21276.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 31, 1997.

Stephen P. Carlton, Carlton Law Firm, Carthage, for Petitioner–Appellant.

L. Thomas Elliston, Elliston Law Offices, Webb City, for Respondent–Respondent.

GARRISON, Presiding Judge.

This is an appeal by Richard E. Wormington ("Father") from a decree dissolving his marriage to Dawn K. Wormington ("Mother"). The issue is the sufficiency of the trial court's designation of his visitation rights with the couple's children. We affirm.

Father and Mother were married on August 10, 1990, in Carthage, Missouri. A daughter, Kyndal K. Wormington, was born June 17, 1994. Mother was pregnant with another child when the parties separated on July 1, 1995. She had moved to Enid, Oklahoma when Father filed a petition for dissolution of marriage on November 9, 1995. The second child, Kylee D. Wormington, was born January 3, 1996.

In the petition, Father requested that the trial court grant the couple joint custody of the children, with Mother to have primary physical custody of them. He also requested "the right of reasonable and specific visitation." The trial court awarded the parties joint custody of the children, and designated Mother as their primary physical custodian. It granted Father "reasonable and specific visitation rights with the children to be not less than: the children's birthdays, Independence Day, Thanksgiving, and Christmas Eve in even-numbered years; Easter, Memorial Day, Labor Day and Christmas Day in odd-numbered years; and Father's Day each year." The trial court also awarded Father summer visitation with the children for a period of three weeks, after the children reach the age of five, with the dates to be agreed upon by the parties.

This court will affirm a decree dissolving a marriage unless no substantial evidence supports it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo.banc 1989); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). We are conscious that the trial court has a unique opportunity to assess the credibility of witnesses, and that it is free to believe or disbelieve all, part, or none of the testimony of any witness. *T.B.G.*, 772 S.W.2d at 654. When we review an award of visitation rights, we presume that the trial court considered all the evidence and made its award in the best interests of the child. *Hankins v. Hankins*, 920 S.W.2d 182, 187 (Mo.App. W.D.1996). We will not overturn the trial court's determination of visitation rights unless the appellant demonstrates that the order was not in the best interests of the child. *In re Marriage of Amos*, 843 S.W.2d 946, 950 (Mo.App. S.D.1992).

Father raises a single point on appeal:

The trial court committed reversible error by failing to define the non-custodial parents [sic] visitation periods in detail as is required by section 452.400.[sic] when both Father and Mother requested the court to set specific visitation and further that the trial courts [sic] failure to establish a specific visitation schedule, [sic] denied Appellant frequent and meaningful contact between the minor children and Father.

Section 452.400.1 [1] provides that the trial court shall define a noncustodial parent's visitation rights in detail if either parent requests it. At trial, Father testified that he would like to have specific visitation with the children one week per month. Mother testified that she thought a maximum of four days per month was appropriate. Father argues that this testimony constitutes a request that the trial court detail his visitation rights.

Father did ask for "specific visitation" in his petition and in his testimony,

---

**1.** All statutory references are to RSMo Supp., 1996.

which the trial court granted. Not having received the schedule he requested, he now insists that we construe his and Mother's testimony as a request to define his visitation rights in detail. We decline to do so. As we read them, the couple's statements regarding his visitation rights were merely expressions of their preferences. Nowhere in the testimony or the pleadings does either parent invoke § 452.400.1 or specifically request that the court define Father's visitation rights in detail. There is likewise no indication in the record that Father or Mother made a written or oral motion to that effect. Father cannot now request relief that he did not seek at trial. *Bunting v. McDonnell Aircraft Corp.*, 522 S.W.2d 161, 168 (Mo.banc 1975). Similarly, we cannot fault the trial court for failing to define Father's visitation rights in detail when it was not asked to do so. *Burden v. Burden*, 811 S.W.2d 818, 821 (Mo.App. S.D.1991). In *Burden*, this court affirmed a judgment granting a father reasonable visitation rights, even though he requested in his pleading a determination as to the terms and conditions of visitation and he did not specifically invoke § 452.400.1 until an after-trial motion, when he asked for a further definition of his visitation rights in detail. *Id.*

Father also contends that the trial court's visitation award denies him meaningful contact with his children. He bases this argument on his own testimony that reasonable visitation was not practical, and on his claim that he and Mother are unable to agree on a specific visitation schedule. He implies that Mother will not allow him to see the children absent a detailed schedule. Father testified that he had difficulty getting visitation before the trial, and that Mother "keeps the kids from [him]." He admitted on cross-examination, however, that she had not prevented him from seeing the children at her home in Oklahoma, and that Mother had brought the children to Carthage on several occasions to see Father and his family. Mother testified that she was willing to work with Father to arrange his visitation with the children. The trial court was not obligated to believe Father's testimony and disbelieve

Mother's. *T.B.G.*, 772 S.W.2d at 654. We are unable to conclude that the visitation award is not in the best interests of the children. *Amos*, 843 S.W.2d at 950. Father's point is, therefore, denied.

The judgment of the trial court is affirmed.

PREWITT and CROW, JJ., concur.