**Corinna BARTON, Appellant,**

v.

**Larry D. BARTON, Respondent.**

**No. ED 84158.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 15, 2005.

Mark S. Levitt, St. Louis, MO, for appellant.

Timothy I. Nicholson, St. Louis, MO, for respondent.

PATRICIA L. COHEN, Presiding Judge.

## Introduction

Corinna Barton ("Wife") appeals the trial court's judgment dissolving her marriage to Larry Barton ("Husband"). Wife contends that because she proved her entitlement to maintenance pursuant to Section 452.335, R.S.Mo 2000, the trial court abused its discretion in failing to award her maintenance. We agree and, accordingly, reverse and remand.[1]

## Facts

Husband and Wife were married for approximately ten years. They have one child, born on December 21, 1994. The parties separated in March 2001. In July 2001, Wife filed a Petition for Dissolution of Marriage, in which she sought, *inter alia,* maintenance. Thereafter, Husband filed a Cross–Petition for Dissolution of Marriage.

The parties tried the matter in September 2003. At trial, Wife testified that she suffered from various medical conditions, including diabetes, arthritis, kidney failure, nerve loss in her hand, carpal tunnel, torn cartilage in her knee, irritable bowel syndrome, and problems with her colon and pancreas. Supporting her testimony, Wife produced a Social Security Administration Decision, dated July 30, 2002, which determined in relevant part that:

> [Wife's] impairments are juvenile onset diabetes, diabetic peripheral sensory neuropathy of the lower extremities, diabetic retinopathy with neoproliferation hemorrhages, diabetic autonomic neuropathy with gastroparesis confirmed on endoscopy, compressed fracture of T10, status post arthroscopic debridement of the left knee; and status post multiple laparotomies for relief of bowel obstructions.

The Social Security Administration found that Wife "has been unable to engage in any substantial gainful activity since August 1, 2000," and "has been under a disability as defined by the Social Security Act and Regulations since August 1, 2000." Wife testified at trial that she received $368.00 each month in Supplemental Security Income (SSI) benefits.[2]

---

1. Husband claims the trial court committed plain error when it ordered him to name the couple's child as the sole beneficiary of his life insurance policy and when it ordered him to pay Wife's medical expenses. However, we do not reach Husband's claims of error because they are not raised as a cross-appeal. See *Omaha Indem. v. Pall, Inc.,* 817 S.W.2d 491, 499 (Mo.App. E.D.1991). Husband has filed a Request for Damages Based Upon Frivolity [sic] of Appeal Pursuant to Missouri Supreme Court Rule 84.19, which we deny.

2. To be eligible for SSI benefits, an individual must be aged, blind, or disabled and have

Husband testified that he started working at Daimler–Chrysler in 1998. Husband earned in excess of $50,000.00 a year during 1998, 1999, and 2000, and was making $960.00 per week at the time of trial. Husband's living expenses were approximately $700.00 a month.

Wife testified to monthly living expenses of $1,700.00 at the time of trial. Wife included the following items as expenses: monthly mortgage and pad rental for the parties' mobile home in the amount of $536.81, utilities, home repairs, homeowners' and automobile insurance, monthly charitable contributions, clothes, medical costs not covered by insurance, and food.

Following trial, the trial court entered a Judgment and Decree of Dissolution. The trial court awarded Wife primary custody of the couple's minor child and granted Husband temporary custody and visitation rights. Further, the trial court ordered Husband to pay $667.00 per month in child support, the cost of the child's post-high school education, and to maintain medical insurance on the child. The court awarded Husband the benefit of any tax deductions for the child and ordered Husband to name the child as sole beneficiary of his term life insurance. The trial court denied Wife's request for maintenance.

The trial court divided the marital property, awarding Wife the couple's 1996 Plymouth Neon, $2,000.00 for her interest in the value of the New Horizon timeshare owned by the parties, and one-half the value of Respondent's pension at Daimler–Chrysler. The trial court awarded Husband the 2003 Dodge pick-up truck and 1970 Dodge Dart he had purchased since separating from Wife, the New Horizon timeshare (upon Wife's receipt of her interest), and one-half of the Daimler–Chrysler pension.

The trial court ordered the couple's 1994 mobile home to remain titled in both parties' names until the outstanding $21,374.89 mortgage was paid in full, with Husband responsible for the $250.81 monthly mortgage payment, insurance, and property taxes. The trial court further ordered Husband to pay Wife's medical insurance for three years as provided for by COBRA, Wife's attorney's fees, and Guardian ad Litem fees in the amount of $1,500.00. Finally, the trial court ordered the parties to follow an agreement they had previously reached with respect to their tangible personal property. The trial court taxed the costs of the action against Wife.

Thereafter, Wife filed a Motion for New Trial or in the alternative to Revise Judgment and Decree of Dissolution with respect to the trial court's denial of her request for maintenance. The trial court denied the motion and this appeal followed.

### *Standard of Review*

■ We review a trial court's denial or grant of maintenance for an abuse of discretion. *Nichols v. Nichols,* 14 S.W.3d 630, 635 (Mo.App. E.D.2000). We affirm the trial court's judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Chapman v. Chapman,* 871 S.W.2d 123, 124 (Mo.App. E.D.1994).

### *Discussion*

■ In her sole point on appeal, Wife contends that the trial court erred in denying her maintenance where she proved: (1) she lacks sufficient property to provide for her reasonable needs; (2) she is unable to support herself through appropriate em-

income below a certain level. 42 U.S.C. Section 1382(a)(1).

ployment; and (3) Husband is capable of providing support.

Husband counters that the trial court's denial of maintenance was supported by the evidence. More specifically, Husband contends that Wife failed to show that she needs $1,700.00 in maintenance per month to meet her reasonable needs.[3] Husband further argues that the trial court's order benefited Wife because she received a tax-free award in the form of medical, mortgage, and child care expenses, and was therefore able to continue to receive SSI benefits which, according to Husband, she would lose if she received maintenance.

Section 452.335 R.S.Mo governs an award of maintenance and provides, in pertinent part, that:

> In a proceeding for ... dissolution of marriage ..., the court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance:
> (1) Lacks sufficient property, including marital property apportioned to him to provide for his reasonable needs; and
> (2) Is unable to support himself through appropriate employment....

The provisions of the statute establish a threshold test. *Nichols,* 14 S.W.3d at 636. The spouse seeking maintenance has the burden of establishing the statutory threshold requirements. *Comninellis v. Comninellis,* 147 S.W.3d 102, 106 (Mo.App. W.D.2004).

■ To determine whether the spouse seeking maintenance has met his or her burden with respect to the first statutory requirement, the trial court must consider the reasonable needs of the spouse

seeking maintenance and then decide whether the spouse is able to meet those needs "through use of marital property or appropriate employment." *Breihan v. Breihan,* 73 S.W.3d 771, 774 (Mo.App. E.D.2002). As the Western District has recently held, " 'reasonable needs' is the standard for determining the expenses properly allowable to a spouse seeking maintenance." *Comninellis,* 147 S.W.3d at 106. The marital standard of living serves as an "important guide" in computing the spouse's reasonable needs, although it is not an exclusive factor. *Brueggemann v. Brueggemann,* 551 S.W.2d 853, 857 (Mo.App. E.D. banc 1977); *see also Nichols,* 14 S.W.3d at 636.

■ The trial court made no specific findings with respect to either Wife's expenses or whether those expenses constituted "reasonable needs." Although in the absence of findings, we presume the trial court resolved all factual conflicts in favor of the result reached, here, there are no factual conflicts. *Comninellis,* 147 S.W.3d at 107.

The record discloses that Wife claimed expenses in the aggregate amount of $1,739.31 per month. These expenses consisted of: $535.81 in rent or mortgage; $255.00 in utilities; $160.00 in gas and oil, maintenance, taxes and license fees for her automobile; $182.00 in insurance; $25.00 in church or charitable contributions, and $581.50 in other living expenses.[4] Nothing in the record supports a finding that Wife's claimed expenses did not constitute her "reasonable needs" for purposes of determining the appropriateness of maintenance.

---

**3.** Husband concedes in his brief that the record supports an award of maintenance to Wife in the amount of $1,000.00, $1,077.00, or even $1,400.00/month. Seemingly, in this Court, Husband apparently does not dispute

Wife's entitlement to maintenance, but rather disputes the appropriate amount.

**4.** These expenses do not include expenses specifically for the minor child.

■ Having determined Wife's reasonable needs, the trial court is next required to ascertain whether she has sufficient property to meets those needs. In analyzing the sufficiency of the property, we are primarily concerned with whether any of the property is income-producing. *Brueggemann,* 551 S.W.2d at 857. The record reveals that the trial court awarded the following property to Wife: 1996 Plymouth Neon; $2000 interest in a timeshare, one-half the value of Husband's pension, and the note payment on the mobile home. Clearly, none of this property is income-producing. Moreover, Wife is not required to deplete her assets or consume her marital property to obtain maintenance. *Wallace v. Wallace,* 839 S.W.2d 354, 357 (Mo.App. W.D.1992). Comparing Wife's reasonable needs to the property she has available to meet those needs, it is clear that she lacks sufficient property to meet her reasonable needs. Thus, Wife has met the first statutory threshold requirement.

■ To meet the second statutory threshold requirement, the spouse seeking maintenance must prove that she is unable to support herself through appropriate employment. *Comninellis,* 147 S.W.3d at 106. There is no dispute that Wife is disabled as a result of numerous complications from juvenile diabetes. As a result of her disability, Wife receives a monthly income of $368.00 in SSI benefits.

The trial court specifically referred to Wife's employability in the judgment and decree, noting that "[d]octors have stated that [Wife] has been unable to work since 1994 but this is contradicted by the fact [Wife] has had a job since then." Even if Wife has had some employment since 1994, the relevant inquiry is whether the income from employment is capable of meeting Wife's reasonable needs. *See Wallace,* 839 S.W.2d at 358. There is nothing in the record to support a finding that either Wife's past employment or any available future employment is likely to meet Wife's reasonable needs. Accordingly, Wife met the threshold requirements for an award of maintenance and the trial court abused its discretion in failing to so hold.

■ Where, as here, the threshold requirements for maintenance are met, the trial court is required to consider the factors enumerated in Section 452.335.2 to determine the amount and duration of maintenance. *Hosack v. Hosack,* 973 S.W.2d 863, 872 (Mo.App. W.D.1998). In this case, however, the trial court improperly employed factors designed to guide a determination of amount and duration as a justification for denying maintenance outright. *See Wallace,* 839 S.W.2d at 357 ("The factors in § 452.335.2, one of which is the spouse's ability to pay, are only to be considered after the court finds that the threshold test is satisfied and *allows* an award of maintenance.") (emphasis added).

To the extent that the court attempted to balance the needs of Wife with the ability of Husband to pay, its analysis was flawed. In particular, the evidence at trial revealed that Husband earned in excess of $50,000.00 a year in 1998, 1999, and 2000 from his employment at Daimler–Chrysler, earned $960.00 per week at the time of trial, and lives with his mother. Husband's claimed expenses were $700.00 per month. Nothing in the record supported a finding that Husband could not meet his needs while contributing to meet Wife's needs.

■ Moreover, under the circumstances here, the trial court, in essence, improperly credited the child support award against Husband's maintenance obligation. As this Court has held, "maintenance is for the needs of the recipient spouse; maintenance is not for child sup-

port." *Nichols*, 14 S.W.3d at 637. Although Wife was careful to base her claimed expenses on her reasonable needs, as opposed to the needs of her child, the trial court counted the child support as funds available to Wife for support. Child support, however, is not considered income or a "tax-free benefit" to the spouse to be used to meet her reasonable needs.

This case is very similar to *Wallace v. Wallace*, *supra*. In *Wallace*, the wife's sole income was welfare benefits. Although she had received social security disability benefits due to numerous health problems, her benefits had been discontinued at the time of the trial. The wife had no income-producing property and was awarded two older automobiles, miscellaneous household goods, and $4,600.00 in cash. The trial court disbelieved the wife's evidence of physical and emotional problems and their effect on her employability. In determining that the trial court abused its discretion by denying the wife maintenance, the Court used language equally applicable here, "[w]hen the evidence is viewed in the light most favorable to the trial court's decree, and Wife is assumed to be employable, there is no evidence to support a finding that Wife would be able to meet her reasonable needs through such employment." *Wallace*, 839 S.W.2d at 358.

After determining that maintenance was appropriate, the *Wallace* Court next considered the factors set forth in Section 452.335.2. As in this case, the husband held a job at a manufacturing company. He earned $950.00 per month after taxes were deducted. Considering the husband's ten-year history of gainful employment, the Court determined that "Husband's present and past earnings

are evidence of his ability to provide for his needs and the needs of Wife." *Wallace*, 839 S.W.2d at 358. The Court also noted that the "gross and permanent disparity between the parties' capacity to work and earn is justification for an award of maintenance." *Id.* at 359.

The principles articulated in *Wallace* are applicable here. Wife had a long and documented history of significant disability. Husband had an equally long history of substantial employment. The evidence at trial clearly established that Wife was unable to meet her needs through employment or property and, therefore, was entitled to maintenance. Despite Wife's entitlement to maintenance, the trial court failed to employ the enumerated factors in Section 452.335.2 in the context of Wife's entitlement to maintenance. However, rather than calculate the amount and duration of maintenance pursuant to Section 452.335.2, we remand to the trial court for further proceedings.[5]

### Conclusion

The judgment is reversed and cause remanded to the circuit court for proceedings consistent with this opinion.

KATHIANNE KNAUP CRANE and ROBERT G. DOWD, JR., JJ., Concur.

---

5. With respect to the determination of the appropriate amount of maintenance, we acknowledge that, pursuant to 42 U.S.C. Section 1382(a), spousal maintenance payments may result in reduced SSI payments. However, SSI benefits are not awarded for the purpose of reducing a spouse's maintenance obligation.