In re The Marriage of Sally A. GIES-
LER, Plaintiff-Respondent,

v.

Donald L. GIESLER,
Defendant-Appellant.

No. 51686.

Missouri Court of Appeals,
Eastern District,
Southern Division.

May 19, 1987.

Rehearing Denied June 17, 1987.

Tom K. O'Loughlin, Cape Girardeau, for
defendant-appellant.

Robert J. Blackwell, St. Louis, for plain-
tiff-respondent.

DOWD, Presiding Judge.

Defendant, Donald L. Giesler, (herein-
after Husband) appeals from the judgment
of the trial court which ordered the plead-
ings of defendant stricken pursuant to a
motion filed by plaintiff, Sally A. Giesler,
(hereinafter Wife) and which found for
plaintiff on both counts of her petition for
enforcement of a dissolution decree and
collection of a promissory note. We af-
firm.

The trial court could reasonably have
found the following. The marriage was
dissolved January 15, 1982 by a decree
which incorporated a stipulation of proper-
ty settlement and separation agreement
which included a provision that Husband
pay to Wife $30,000.00. Wife was paid
$10,000.00 at the time of dissolution and a
promissory note in the amount of $20,-
000.00 was executed. Husband made a
$7,000.00 payment on the promissory note
in mid-January 1983 but had made no fur-
ther payment since that time.

Wife filed a petition on July 22, 1985 to
enforce the decree and collect on the prom-
issory note. Husband then filed a motion
to dismiss to which Wife responded with a
motion to amend her petition to submit
copies of both the promissory note and
separation agreement. A hearing on both
motions, at which Husband did not appear,
was held September 23, 1985 and Wife's
motion was sustained. Husband's motion
was overruled and he was granted thirty
days to answer. An answer was filed Oc-
tober 24, 1985.

The parties then began the discovery process and, because Husband's main contention addresses the trial court's order striking his pleadings for failure to answer interrogatories, a chronological presentation of events which led to the order is necessary.

(1) *November 26, 1985* —Wife serves interrogatories and requests for admissions.

(2) *December 9, 1985* —Husband denies all requests for admissions, including admissions that a promissory note was executed and that $7,000.00 was paid toward satisfaction of the note.

(3) *December 19, 1985* —Husband fails to answer interrogatories, and wife moves for order compelling answers to interrogatories.

(4) *January 21, 1986* —Wife files request for production and inspection of Husband's bank statements and cancelled checks.

(5) *February 5, 1986* —Husband files motion to quash Wife's request for production and inspection.

(6) *February 14, 1986* —Hearing set for this date passed to March 14, 1986 due to Husband's failure to appear as a result of bad weather.

(7) *March 14, 1986* —Hearing held on Wife's motions.

(A) Motion to compel is confessed and Husband is given five days to answer the interrogatories.

(B) Request for admissions is continued.

(C) Request for production and inspection is narrowed and Husband is given twenty days to produce.

(8) *April 3, 1986* —Wife files motion for order to strike pleadings and render judgment by default for failure to comply with the court's order of March 14, 1986 directing Husband to answer interrogatories.

Husband, upon receiving notice of motion, files answers to interrogatories, submits photocopies of checks for $7,000.00 and $10,000.00 dated January 17, 1983 and January 8, 1981 respectively, and submits a letter to the court which asserts that a clerical error is the reason Wife did not receive answers to the interrogatories.

(9) *April 4, 1986* —Wife's counsel informs Husband's counsel he still intends to argue Wife's motion "even though some purported 'answers' have been received to the interrogatories."

(10) *April 11, 1986* —Hearing is held on Wife's motion which is granted. Husband failed to appear.

(11) *April 23, 1986* —Trial court enters judgment in favor of Wife and the pleadings of defendant are stricken.

Appellant makes the following contentions on appeal: (1) The trial court abused its discretion in striking Husband's pleadings and entering a default judgment against him; and (2) The trial court erred in labeling Husband's obligation on the promissory note as maintenance in gross.

Appellant contends in his first point the trial court imposed sanctions which were too harsh under the circumstances. He contends the interrogatories went unanswered due to a clerical error, that answers were promptly filed upon learning of the error, and that his actions do not exhibit a contumacious and deliberate disregard for the authority of the court.

Rule 61.01 governing sanctions for failure to make discovery provides that an order may be entered to strike pleadings and render judgment by default against a party who fails to obey an order to answer interrogatories. Rule 61.01(b)(1). Imposition of sanctions pursuant to Rule 61.01 is a matter within the sound discretion of the trial court. *Portell v. Portell*, 643 S.W.2d 18, 20 (Mo.App.1982). Exercise of this discretion will not be disturbed upon review unless exercised unjustly. *In re Marriage of Dickey*, 553 S.W.2d 538, 541 (Mo.App. 1977). Although default is a drastic remedy, it is properly invoked where a party has shown a contumacious and deliberate disregard for the authority of the court. *Id.* "The trial judge has an obligation to see that discovery rules are followed and to expedite litigation...." *Russo v. Webb*, 674 S.W.2d 695, 698 (Mo.App.1984).

Husband's course of conduct throughout the discovery and court proceedings exhibited a willful disregard for the court's authority. Husband failed to appear at two of the three hearings in this case and caused the third to be postponed a month. He failed to answer interrogatories served on him in November, 1985 and when served with notice of Wife's motion to compel answers, failed to appear at that hearing, albeit due to bad weather, and it was reset for the next month. Husband then appeared at the hearing and confessed the motions, but still failed to answer the interrogatories. When subsequently served with notice of a motion to strike pleadings and render judgment by default, Husband immediately filed answers which were, at best, incomplete and evasive. When asked to state the date and amount of any payments made toward the promissory note, Husband responded "I believe I paid Sally some money on the note. That along with the items mentioned before should take care of the note." When asked about a second issue regarding withholding taxes, the response was "[t]hat was taken care of. My accountant may have the records, I do not. You could check with the IRS or Department of Revenue." Husband contends however, the failure to comply with the court's order was a clerical error, that the answers were mistakenly put in the office file rather than sent to the Wife. Given the unresponsive nature of the answers, the alleged clerical error was irrelevant, as the trial court was not in error in treating them as a failure to answer. Rule 61.01(a) provides that "an evasive or incomplete answer is to be treated as a failure to answer." The net result of Husband's actions was that Wife's interrogatories went unanswered for five months before the default judgment was entered.

Husband was equally as difficult regarding the requests for admissions. He denied all requests for admissions regarding the promissory note and payments made thereunder, even though he had admitted the same facts in his answer.

■ From the trial record it appears Husband persisted in a course of action which hindered, delayed, and complicated the proceedings. The trial court responded in a reasonable and responsible manner and we find no merit in appellant's contention that the trial court abused its discretion in striking Husband's pleadings and rendering a default judgment against him. Point denied.

Husband contends in his second point the trial court erred in labeling Husband's obligation on the promissory note as maintenance in gross.

The burden is on Husband to "show affirmatively that reversible error was committed." *Staples v. O'Reilly*, 288 S.W.2d 670, 678 (Mo.App.1956). A decision of the trial court will not be reversed unless the error materially affected the merits of the action. Rule 84.13(b). *Rowe v. Moss*, 656 S.W.2d 318, 322 (Mo.App.1983). "It is settled law that error without prejudice is no ground for reversal, and that intermediate errors will not reverse where the ultimate judgment is right." *Longmoor Corporation v. Jeffers*, 205 S.W.2d 234, 238 (Mo. App.1947).

Husband has failed to carry his burden of alleging prejudice. He contends the trial court erred in labeling the award as maintenance in gross and thus, granted relief in excess of that requested but fails to allege any actual prejudice.

Husband does not contest his liability or the amount of the judgment. He makes no allegation that the label affected the outcome or increased his present or potential future liability. It is, therefore, not necessary to make a determination whether the trial court was in error on this issue. Husband has not shown the alleged error to be material or prejudicial and this court will not find reversible error where no actual prejudice is alleged or shown. Point denied.

Judgment affirmed.

SIMEONE and KAROHL, JJ., concur.