Carolyn LEFEVER, Respondent,

v.

Paul LEFEVER, Appellant.

No. 61760.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Nov. 3, 1992.

E. Rex Bradley, David R. Sallee, Louisiana, for appellant.

James D. Terrell, Hannibal, for respondent.

CRIST, Presiding Judge.

This is an appeal of a decree of dissolution. Appellant (Husband) appeals the trial court's award of maintenance and attorney's fees to Respondent (Wife). We affirm.

Husband and Wife were married on November 22, 1953. Two children were born of the marriage. Both children are now emancipated. At the time of marriage, Husband owned the Rocket Truck Stop. Husband and Wife sold the truck stop in 1964 and purchased an Oldsmobile–Chevrolet dealership, which they operated until 1985. At that time, they sold the dealership and used the money to begin a new business in leasing trucks, Lefever Trucking Company. At each of these three businesses, Wife worked full-time without pay as a bookkeeper and office manager for over thirty years. Wife also did the majority of the housework and raising of the two children.

On March 13, 1990, Wife filed a petition for dissolution. The cause proceeded and on February 27, 1992, the court entered its Order of Decree of Dissolution. The court dissolved the marriage and divided the marital property. The trial court did not value the assets. The only value in dispute, however, was the business, which Wife testified was worth about $235,000. Husband contended the business was worth only $150,000. Among other minor assets, Husband received the business and Lakeshore Drive rental property, for a total between approximately $200,000 and $280,000. Wife received approximately $129,000 worth of the marital assets. The major assets Wife received and values asserted by Wife were: (1) the marital home valued at $75,000; (2) a 1989 Oldsmobile worth $7,000; (3) her checking account with $250; (4) a money market account with $7,500; and (5) certificates of deposit totalling $32,000. The trial court ordered Husband to pay Wife $20,000 to equalize the division of the marital property. The order also required Husband to pay $1,500 per month in maintenance to Wife and to pay Wife's

attorney's fees in the amount of $3,981.72. Husband appealed the award of maintenance as too excessive and the award of attorney's fees. We affirm.

Husband asserts in Point I the trial court erred in granting Wife $1,500 per month in maintenance. He contends Wife has sufficient property and employable skills to take care of her needs, the amount is excessive in light of her reasonable needs, and the amount is beyond the means of Husband to pay.

■ We must affirm the judgment unless no substantial evidence supports it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Section 452.335.1, RSMo Supp.1991, provides maintenance may be ordered if the court finds "the spouse seeking maintenance: (1) Lacks sufficient property, including marital property apportioned to him [her], to provide for his [her] reasonable needs; and (2) Is unable to support himself [herself] through appropriate employment...." Based on the evidence gathered at trial, we conclude the trial court could have reasonably concluded Wife lacked sufficient property to provide for her reasonable needs. While Wife did receive a share of the marital assets, she received a much smaller share than Husband. Furthermore, she " 'is not required to dispose of her assets or consume marital property before she would be entitled to maintenance.' " *Whitmore v. Whitmore*, 732 S.W.2d 572, 574[2] (Mo.App.1987), quoting *Johnson v. Johnson*, 671 S.W.2d 426, 428[3] (Mo.App.1984). Wife may have some interest income from the marital assets awarded. However, her monthly expenses are in excess of $1,800 per month.

There was also substantial evidence to support the trial court's finding Wife was unable to support herself through appropriate employment. Wife's only employment experience was with the family business as a bookkeeper and office manager. Since the separation, she has only been able to obtain part-time employment at approximately $5 per hour, earning $3,100 in 1991. Wife is 60 years old and her health is poor. She has not been trained in the more modern techniques of bookkeeping required by other businesses.

■ As to the amount of maintenance awarded, that determination is discretionary with the trial court and appellate review is only to determine if discretion has been abused. *Pederson v. Pederson*, 599 S.W.2d 51, 53[1] (Mo.App.1980). Unless the amount of maintenance is patently unwarranted or is wholly beyond the means of the spouse who pays, interference by the appellate court is not warranted. *King v. King*, 762 S.W.2d 544, 546[2] (Mo.App. 1989).

Section 452.335.2 sets out the factors to be considered in determining an amount of maintenance. It provides in pertinent part:

The maintenance order shall be in such amounts and for such periods of time as the court deems just, and after considering all relevant factors including:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently ...;

(2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(3) The comparative earning capacity of each spouse;

(4) The standard of living established during the marriage;

(5) The obligations and assets, including the marital property apportioned to him and the separate property of each party;

(6) The duration of the marriage;

(7) The age, and the physical and emotional condition of the spouse seeking maintenance;

(8) The ability of the spouse from whom maintenance is sought to meet his

needs while meeting those of the spouse seeking maintenance....

§ 452.335.2. Examining these factors, we find there is no abuse of discretion in awarding Wife $1,500 per month in maintenance. The facts discussed above which supported an award of maintenance also support the amount. Further, the standard of living during the marriage would support such an award. Husband and Wife had accumulated over $400,000 in assets during the marriage and had no liabilities. They regularly took out $1,800 per month from the business. They also took out additional monies to cover Christmas presents, income taxes, property taxes, and personal expenses such as gas, telephone and insurance. The amount of money which was declared as earnings for self-employment tax ranged from a low of $42,000 in 1986 to a high of $51,300 in 1990. In addition, this was a marriage of 38 years and Wife's physical and emotional condition is poor. She is under the care of a psychiatrist and has high blood pressure.

Wife also has few assets. Wife has little separate property. While Wife received approximately $129,000 in marital assets with no liabilities, Husband received a greater share of the marital assets free of debt. Further, among his apportioned assets, Husband received a business asset worth somewhere between $150,000 and $235,000, which alone is more than the total of Wife's share. This business will more than allow Husband to meet his own needs ($929 per month) while also meeting those of Wife. In addition, Husband's earning capacity in the business is much greater than any job, even full-time, Wife could get as a bookkeeper.

No abuse of discretion. Point denied.

■ Husband also alleges the trial court erred in ordering Husband to pay Wife's attorney's fees in the amount of $3,981.72. Section 452.355, RSMo Supp.1991, governs the awarding of attorney's fees in a dissolution proceeding. It states the court "after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount ... for attorney's fees...." § 452.-355.

■ The trial court has considerable discretion in awarding attorney's fees. *Zavadil v. Zavadil*, 806 S.W.2d 506, 512[18] (Mo.App.1991). Furthermore, it is Husband's "burden to show that the ruling manifests an abuse of discretion—i.e., so arbitrary and unreasonable as to shock the sense of justice." *Golleher v. Golleher*, 697 S.W.2d 547, 551[11] (Mo.App.1985). Husband contends the trial court did abuse its discretion because Wife had more liquid assets than Husband. Therefore, Husband asserts Wife has greater financial resources to pay her attorney's fees than Husband. However, while § 452.355 requires an examination of financial resources of the parties, financial resources are only one factor for the court to consider. *Id.* It is not necessary Wife be unable to pay her attorney's fees or have fewer financial resources. *Id.* The court must examine "all relevant factors." § 452.355. In this case, the record supports the trial court's award of attorney's fees and there is no abuse of discretion. Husband received the business, while Wife has no regular source of wages. Point denied.

Judgment affirmed.

CRANE and AHRENS, JJ., concur.