Sandra Carol WHITWORTH, Respondent,

v.

Leroy Earnest WHITWORTH, III, Appellant.

No. WD 48244.

Missouri Court of Appeals, Western District.

June 14, 1994.

Richard E. McFadin, Kansas City, for appellant.

John Scott King, Independence, for respondent.

Before TURNAGE, P.J., and FENNER and ELLIS, JJ.

FENNER, Judge.

Appellant, Leroy Earnest Whitworth III (Husband), appeals the trial court's imposition of sanctions against him for failing to answer the interrogatories of respondent, Sandra Carol Whitworth (Wife). Appellant also appeals the trial court's award of maintenance.

The parties were married on June 9, 1961 and separated on or about May 13, 1990. Two children were born of the marriage, both of which are emancipated. Wife filed a Petition for Dissolution of Marriage on September 28, 1992 in the Circuit Court of Jackson County, Missouri at Independence. In her petition, Wife stated that the marriage was irretrievably broken and requested maintenance and attorney fees.

On October 29, 1992, Husband filed an answer to Wife's Petition for Dissolution. In his answer, Husband denied that the marriage was irretrievably broken and asked the court to dismiss Wife's petition and "order the parties to counseling."

On March 15, 1993, Wife filed a Motion for Enforcement of Discovery pursuant to Rule 61.01. In her motion, Wife stated that she mailed first interrogatories to Husband's attorney on November 3, 1992, seeking, among other information, disclosure of complete information regarding Husband's present employment, employment benefits, income, expenses, property, liabilities, and any retirement, profit-sharing or pension plan in which Husband is a participant. Wife further stated that Husband "failed, refused, and neglected to answer [Wife's] first interrogatories, although [Wife's] attorney requested said answers in writing in a 'Golden Rule' letter dated December 16, 1992." Wife moved that the court order Husband to comply fully with the discovery sought by fully answering the interrogatories submitted to him within thirty (30) days.

In a letter to Wife's attorney dated March 16, 1993, Husband's attorney acknowledged receipt of Wife's Motion for Enforcement of Discovery and stated, "As you will recall, Mr. Whitworth is an over-the-road truck driver, and it is very difficult for me to contact him. Therefore, please be patient and bear with me, and I will get his interrogatory answers to you as soon as I can."

In an order dated April 5, 1993, the trial court sustained Wife's motion and directed Husband to answer Wife's first interrogatories within twenty (20) days of the date of the order.

On May 27, 1993, Wife filed a Motion for Sanctions pursuant to Rule 61.01, moving the court for "an Order striking [Husband's] Answer [filed October 29, 1992] and setting this cause for hearing for purposes of entering a default judgment against [Husband] in this matter." In support of her motion, Wife stated that Husband has failed to comply with the court's order that he answer Wife's interrogatories.

On July 6, 1993, the court entered an order finding that Husband failed to comply with the court's order of April 5, 1993, and striking Husband's answer filed October 29, 1992. Wife was directed to contact the Domestic Docketing Clerk to arrange a time for a hearing on the default judgment. The record reflects that Husband was notified of a hearing on Wife's petition to take place on August 6, 1993.

At the brief hearing on August 6, 1993, both parties appeared in person and by their respective attorneys. The trial judge did not allow Husband to present any evidence or participate except as to questioning Wife to clarify her testimony.

The court entered its Decree of Dissolution on August 6, 1993, awarding Wife $1,500.00 per month in maintenance, dividing the marital property and debts, and ordering Husband to pay Wife $2,000.00 for attorney fees. This appeal followed.

■ In his first point on appeal, Husband argues that the trial court erred in striking Husband's answer as sanction for failure to answer Wife's interrogatories and transferring said cause to the default docket because (1) Husband did not receive proper notice in regard to a hearing on Wife's motion for sanctions; (2) judgment after trial and after pleadings are stricken is not default judgment but is to be considered as a judgment upon trial by court; (3) striking Husband's pleadings was unjust because the court has a duty to determine and divide all property of parties to dissolution; and (4) striking of pleadings is an extreme sanction in which there must be a finding of prejudice.

■ Rule 61.01, which governs sanctions for failure to make discovery, provides that an order may be entered to strike pleadings and render judgment by default against a party who fails to obey an order to answer interrogatories. *In re Marriage of Giesler*, 731 S.W.2d 33, 34 (Mo.App.1987); Rule 61.-01(b)(1). Imposition of sanctions for failure to make discovery is a matter within the sound discretion of the trial court, and exercise of that discretion will not be disturbed upon review unless it is unjust. *In re Marriage of Giesler*, 731 S.W.2d at 34. Although

default is a drastic remedy, it is properly invoked where a party has shown a contumacious and deliberate disregard for the authority of the court. *Id.* The trial court has an obligation to see that discovery rules are followed and to expedite litigation. *Id.*

As to Husband's claim that he failed to receive proper notice in regard to a hearing on Wife's motion for sanctions, we note that the record shows that Husband's attorney was contacted in an attempt to obtain the answers to Wife's first interrogatories and was put on notice as to Wife's motion for sanctions. By letter dated December 16, 1992 ("Golden Rule" letter), Wife's attorney informed Husband's attorney that first interrogatories had been mailed to him on November 3, 1992 and that Wife's attorney was still awaiting answers to those interrogatories. Wife's attorney informed Husband's attorney that he would have "no choice but to file a motion with the court" if answers were not received within ten days of the letter.

Wife's Motion for Enforcement of Discovery was filed on March 15, 1993. On March 16, 1993, Husband's attorney wrote a letter to Wife's attorney acknowledging receipt of Wife's motion. In this letter, Husband's attorney stated, "As you will recall, Mr. Whitworth is an over-the-road truck driver, and it is very difficult for me to contact him. Therefore, please be patient and bear with me, and I will get his interrogatory answers to you as soon as I can."

The court entered its order on April 5, 1993, directing Husband to answer Wife's first interrogatories within twenty days of the date of the order. Husband failed to obey the court's order, and Wife filed her motion for sanctions on May 27, 1993. The court entered its order on July 6, 1993, striking Husband's Answer to Wife's Petition and directing Wife to contact the Domestic Dock-

eting Clerk to arrange a time for a hearing on the default judgment.

Husband's attorney wrote a letter to Husband on July 7, 1993. In his letter, Husband's attorney stated, in part, as follows:

> Enclosed is a copy of an Order [dated July 6, 1993] I received from the Court. . . . I cannot understand why you have not complied with my numerous requests that you answer your interrogatories. I wrote to you on November 4, December 18, and December 23, 1992, and March 16, April 6, and May 27, 1993, and requested your interrogatory answers. My secretary called your place of employment and left messages for you to call. We attempted to telephone you at home, but were never able to reach you there. I had a letter hand-delivered to your place of employment for you. You never responded to any of my attempts to obtain your answers to interrogatories.

The record indicates that Husband's argument that he did not receive notice in regard to a hearing on Wife's motion for sanctions, is without merit.

▆▆▆ In regard to Husband's other arguments in his first point on appeal, the record reflects that many attempts were made to obtain Husband's answers to Wife's interrogatories, but to no avail. By his inaction and his failure to make himself available, Husband has demonstrated a deliberate disregard for the authority of the court. The trial court was within its discretion in striking Husband's Answer and rendering judgment by default. Through Wife's testimony, her income and expense statement (Wife's Exhibit Number 1), and her statement of marital and non-marital property and liabilities (Wife's Exhibit Number 2), the court was able to divide the property of the parties to the best of its ability.[1] The court's imposi-

---

1. Husband complains specifically about the Consolidated Freightways Stock, apparently a bonus earned by Husband, which was deemed marital property and was awarded to Wife. Husband's complaint is that "Wife's mere introduction into evidence of a statement of marital and non-marital property did not adequately determine that the Consolidated Freightway Stock was marital as opposed to non-marital." In this regard, we note that the trial court has broad discretion in

identifying marital property. *Absher v. Absher*, 841 S.W.2d 293, 294 (Mo.App.1992). Section 452.330.3, RSMo Supp.1993, provides that any property acquired subsequent to the marriage and prior to a decree of legal separation or dissolution is presumed marital property. This presumption is only overcome by clear and convincing evidence that the property falls within one of the five exceptions listed in section 452.-

tion of sanctions against Husband in striking his Answer and not allowing him to testify and present evidence was solely the result of Husband's evasive behavior and his failure to cooperate with a direct court order, and Husband's complaint on appeal is without merit.

Husband's first point is denied.

In his second point on appeal, Husband argues that the trial court erred and abused its discretion in denying him the ability to fully cross-examine the witness or to present any evidence because the court has the duty to consider all relevant factors in its determination as to marital and non-marital property.

Husband's second point is essentially contained within his first point and was addressed above. Point denied.

■ In his third point on appeal, Husband argues that the trial court erred and abused its discretion in ordering maintenance to be paid to Wife in the amount of $1,500.00 per month. Husband contends that this amount was not supported by the evidence, was against the weight of the evidence, and was an erroneous application of the law because the court disregarded those factors which are mandated by law. Husband argues that Wife presented no testimony that she lacked sufficient property to provide for her reasonable needs or was unable to support herself through appropriate employment. Furthermore, the court did not take into consideration the ability of Husband to meet his needs while meeting those of Wife. Finally, Husband contends that the court erred in its failure to state whether the maintenance order was modifiable or nonmodifiable, as required by statute.

■ This court must affirm the trial court's decision awarding maintenance unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Lefever v. Lefever*, 840 S.W.2d 873, 875 (Mo.

App.1992) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). Further, we view the evidence as favorable to the decree, disregarding contrary evidence and deferring to the trial court even if the evidence could support a different conclusion. *Bixler v. Bixler*, 810 S.W.2d 95, 99 (Mo.App.1991). The trial court is granted wide discretion in awarding maintenance. *Wallace v. Wallace*, 839 S.W.2d 354, 356 (Mo.App.1992).

■ Section 452.335.1, RSMo Supp. 1993, provides that the court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance: (1) lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs; and (2) is unable to support herself through appropriate employment. As for the amount and duration of the maintenance award, section 452.335.2, RSMo Supp.1993, sets out the relevant factors that the court must consider. These factors are only to be considered after the court finds that the threshold test in section 452.335.1, RSMo Supp.1993, is satisfied and allows an award of maintenance. *Wallace*, 839 S.W.2d at 357. Maintenance can only be awarded if the requesting party cannot meet his or her reasonable needs through property or employment. *Id.* at 357.

In the case at bar, at the hearing on August 6, 1993, Wife testified that she moved to New York on June 25, 1993. Prior to moving to New York, she was employed by Forrest T. Jones Insurance Company as an administrative assistant to a vice-president. She had worked there for ten years and was earning approximately $28,000 per year. She left that job to move to New York (where her daughter lives). She interviewed in New York for various secretarial positions, but apparently could only find a retail job in a department store, earning approximately $11,000 per year. Wife testified that secretarial positions are very competitive in New

330.2, RSMo Supp.1993. *Absher*, 841 S.W.2d at 294.

In the case at bar, the trial court's determination that the Consolidated Freightways Stock was marital property was not an abuse of discretion. The record reflects that the parties were married in 1961 and Husband worked for Con-

solidated Freightways since 1966. According to Wife's testimony, Husband received stock as part of his employment bonus throughout the years. The trial court was within its discretion in determining that the stock was marital property, and Husband's complaint is without merit.

York and the qualifications are more stringent than in Missouri. She stated that employers want a college education and computer knowledge, both of which she lacks. At the time of the hearing, Wife testified that she was relying on family and friends to support her.

An income and expense statement was admitted into evidence along with a statement of marital and non-marital property and liabilities. The income and expense statement showed the following: Wife's monthly gross income is $960.00; Husband's monthly gross income, from his employment with Consolidated Freightways, is $5,833.33; Wife's anticipated monthly expenses (rent, utilities, automobile, insurance, food, clothing, etc.) total $1,981.84.

The property statement listed five pieces of real estate, two with unknown values. Wife requested that all real estate be awarded to Husband. The property statement also listed several motor vehicles. Wife only requested that the 1988 Oldsmobile Cutlass Supreme be awarded to her. All other vehicles were awarded to Husband. Wife requested that an account with United Missouri Bank, with a value of $100.00, be awarded to her, and an account with Commerce Bank, with an unknown value, be awarded to Husband. Wife further requested Husband's Consolidated Freightways Stock, which he received as part of his employment bonus, but she did not know how much stock there was or the value of the stock. Husband has been employed by Consolidated Freightways since May of 1966 as an over-the-road truck driver, earning approximately $65,000 per year. Wife requested that her retirement plan with Forrest T. Jones, worth approximately $15,000, be awarded to her. Wife further asked the court to execute a qualified domestic relations order setting aside to her half of the interest in Husband's retirement plan through his employer.

As far as liabilities, Wife agreed to assume the debt owed to her daughter and son-in-law, which amounted to approximately $10,000. She asked that all other debts on property be paid by Husband.

Wife testified that she was not able to support herself at her current job. She asked the court for $1,500.00 per month in maintenance.

The trial court, in its dissolution decree dated August 6, 1993, found that Wife, with her annual salary of $11,500, is unable to support herself through employment and is entitled to maintenance in the amount of $1,500.00 per month. The court divided the marital property in accordance with Wife's requests, set forth in detail above.

■■■■ Based on the record before us, we find that there is insufficient evidence to support the trial court's maintenance award. In the dissolution decree, Wife received a 1988 automobile, her interest in her retirement plan with her former employer (worth approximately $15,000), Husband's Consolidated Freightways Stock (value unknown), and half of Husband's interest in his retirement plan with his employer (value unknown). Husband received five pieces of real estate (two with unknown values), several motor vehicles, and one-half of his interest in his retirement plan through his employer (value unknown). Husband was ordered to pay all of the marital debts (amount unknown), except the $10,000 debt owed to Wife's daughter. Because the record fails to establish the value of the property that Wife and Husband each received, we are unable to determine whether the trial court's award of maintenance was justified.[2] Thus, we remand for the trial court to receive evidence of the value of the property that Wife and Husband received and then to reconsider its award of maintenance.[3]

---

**2.** Section 452.335.2, RSMo Supp.1993, requires the court to consider obligations and assets of both parties and the ability of the spouse from whom maintenance is sought to meet his own needs, while meeting those of the spouse seeking maintenance, as factors in determining the amount and duration of maintenance.

**3.** Where the record before this court is insufficient to render a fair judgment, we will remand to the trial court to determine the issue. *Zalmanoff v. Zalmanoff,* 862 S.W.2d 941, 948 (Mo.App. 1993).

Finally, we address Husband's contention that the trial court erred by failing to state in its decree whether the maintenance award was modifiable or nonmodifiable. Section 452.335.3, RSMo Supp.1993, provides that "[t]he maintenance order shall state if it is modifiable or nonmodifiable." Thus, the trial court entering a dissolution decree is required to indicate whether the order for maintenance is subject to future modification. *Lawry v. Lawry,* 854 S.W.2d 842, 844 (Mo.App.1993); *Heins v. Heins,* 783 S.W.2d 481, 484 (Mo.App.1990). Husband is correct in his argument that the trial court erred by failing to designate whether Wife's maintenance was modifiable or nonmodifiable as required by statute.

We remand for limited purpose. On remand, the trial court is to receive evidence of the value of the property that both Wife and Husband received, as addressed herein, and then reconsider its award of maintenance. Furthermore, upon remand, the trial court must also conform its decree to the statute and indicate whether any maintenance awarded, as reconsidered, is subject to future modification. In all other respects, the trial court's judgment is affirmed.

All concur.