Richard Lee BOLCH, Appellant,

v.

Barbara Lorain BOLCH, Respondent.

No. WD 60130.

Missouri Court of Appeals,
Western District.

May 31, 2002.

Rehearing Denied July 25, 2002.

As Modified July 30, 2002.

Sherrill P. Roberts, Liberty, for appellant.

Scott C. Hamilton, Lexington, for respondent.

Before HARDWICK, P.J., ELLIS and HOLLIGER, JJ.

LISA WHITE HARDWICK, Judge.

Richard Bolch (Husband) appeals the dissolution judgment awarding Barbara Bolch (Wife) maintenance. We affirm in

part and reverse in part to modify the amount of maintenance awarded.

## Factual and Procedural Background

Husband and Wife were married December 28, 1989, and separated December 17, 2000. Husband filed for dissolution of marriage on June 3, 2001. No children were born of the marriage.

At the time of trial in April 2001, Husband was fifty-eight years old, and Wife was fifty-nine years old. Husband's employment as an over-the-road truck driver was the primary source of the parties' income during the eleven-year marriage. Wife, a homemaker, did not work outside the home, other than occasionally making and selling crafts at crafts shows. Prior to the marriage, Wife worked at a spark plug factory.

On May 23, 2001, the trial court entered a dissolution judgment and ordered Husband to pay Wife maintenance of $1,000 per month through June 1, 2007. The court awarded the marital real estate to Husband and ordered him to pay Wife $42,750 to equalize the property distribution. Upon the parties' stipulation, the court equally divided their mutual fund accounts, awarding each party investments valued at $33,825.

Husband raises two points on appeal. First, he claims the trial court erred in awarding maintenance because Wife failed to meet the threshold requirements of § 452.335.1. Second, Husband claims the trial court erroneously applied the law in calculating maintenance because it failed to consider all of the factors required by § 452.335.2.

## Standard of Review

■ This court must affirm the trial court's decision awarding maintenance unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Whitworth v. Whitworth*, 878 S.W.2d 479, 483 (Mo.App. W.D.1994).

■ The trial court is afforded broad discretion in awarding maintenance. *Id.* An appellate court will interfere with a maintenance award only when it is patently unwarranted or is wholly beyond the means of the spouse who pays maintenance. *Gardner v. Gardner*, 830 S.W.2d 559, 561 (Mo.App. W.D.1992). The burden is on the party contesting maintenance to prove that the maintenance award shocks the appellate court's · sense of justice. *Theilen v. Theilen*, 847 S.W.2d 116, 123 (Mo.App. W.D.1992).

■ Maintenance may be awarded to a spouse who: 1) lacks sufficient property to provide for his or her reasonable needs, and 2) is unable to support him or herself through appropriate employment. § 452.335.1 Once the two-part threshold test is satisfied, the court considers the following factors under § 452.335.2 to determine the amount and duration of the maintenance award:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(3) The comparative earning capacity of each spouse;

(4) The standard of living established during the marriage;

(5) The obligations and assets, including the marital property apportioned to

him and the separate property of each party;

(6) The duration of the marriage;

(7) The age, and the physical and emotional condition of the spouse seeking maintenance;

(8) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;

(9) The conduct of the parties during the marriage; and

(10) Any other relevant factors.

## Entitlement to Maintenance

Husband contends Wife was not entitled to maintenance because there was insufficient evidence that: 1) she lacked sufficient marital property to provide for her reasonable needs; and 2) she was unable to support herself through appropriate employment. This challenge requires that we view the evidence in the light most favorable to the judgment and disregard all evidence and inferences to the contrary. *Whitworth*, 878 S.W.2d at 483.

At the time of trial, Wife was fifty-nine years old and had not been employed outside the home during the eleven-year marriage. When the parties married, Wife gave up her full-time job in a spark plug factory to become the primary caretaker of their home. Husband agreed to this arrangement, and the parties enjoyed a comfortable lifestyle from his income as an over-the-road truck driver. Once or twice a year, Wife made and sold items at craft shows, generating average annual proceeds of $1,000–$1,500. In 2000, she earned approximately $3,100 selling crafts. Wife testified that her reasonable monthly expenses totaled $2,165. As a result of the court's property division, Wife was awarded investment accounts valued at $33,825 and a cash equalization payment of $42,750.

Based on the property division and evidence presented, the trial court found that Wife lacked sufficient property to provide for her reasonable needs and was unable to support herself through appropriate employment. Husband argues this finding was erroneous because there was no evidence that Wife was unable to support herself with the property award of cash assets totaling $76,575 and through future employment. He contends Wife has an affirmative duty to seek employment with the goal of becoming self-sufficient. *In re Marriage of Goodding*, 677 S.W.2d 332, 337 (Mo.App.1984).

We have previously recognized that a spouse's decision to withdraw from the job market to assume duties as a homemaker can detrimentally affect the spouse's ability to provide for his or her reasonable needs upon dissolution of the marriage. *Witt v. Witt*, 930 S.W.2d 500, 504 (Mo.App. W.D.1996). Maintenance may be awarded where a spouse sacrificed employment to take care of the home and relied on the other spouse for monetary support. *Id.*

Wife presented sufficient evidence to demonstrate her entitlement to maintenance. During the marriage, the parties agreed that Wife would relinquish her career and rely on Husband's financial support to maintain a comfortable home for their mutual benefit. Now, with her advanced age and long-term absence from the work force, it is unlikely Wife could successfully compete in today's technological marketplace without acquiring new skills. *Id.* These facts established a rebuttable inference that Wife could qualify for little more than minimum wage employment. Husband failed to come forward with evidence that Wife was qualified for higher paying jobs which were available and could meet her reasonable needs. *In*

*re Marriage of Clarke,* 950 S.W.2d 11, 14 (Mo.App. E.D.1997).

Husband similarly failed to show that Wife could support herself with the property award. Wife was not required to deplete her assets or consume the marital property before being entitled to maintenance. *Whitmore v. Whitmore,* 732 S.W.2d 572, 574 (Mo.App.1987). Husband was awarded the marital home; thus, Wife may need to use a portion of the equity payment to purchase another home. Wife should also be permitted to preserve the investment accounts for her later years, particularly since the maintenance payments will end when she reaches age sixty-five. While the property award may be used to meet some of her current needs, the court reasonably determined that it did not render her entirely self-supporting. Point I is denied.

### Calculation of Maintenance

■ Husband contends the trial court erred in awarding Wife maintenance in the amount of $1,000 monthly because it failed to consider two factors required by 452.335.2: 1) Wife's financial resources and her independent ability to meet her needs; and 2) Husband's ability to meet his needs while paying maintenance.

The trial court made the following findings regarding maintenance in the judgment:

The Court specifically considers [Wife's] Exhibit # 6, the parties' joint federal and states income tax returns and finds the [Husband's] gross income for 2000 was approximately $38,742.00; [Wife's] gross income for 2000 was approximately $3,128.00 earned primarily from craft sales. The Court further finds that the parties were married on December 28, 1989 and separated on December 17, 2000; that [Wife] was a housewife and not employed outside the home; that [Husband] is currently underemployed as compared to his employment in the year 2000 and prior years; that [Husband] is able-bodied and well capable of earning a substantial wage. Therefore, the Court finds that the [Wife] is entitled to an award of periodic, non-modifiable maintenance in the sum of $1,000.00 per month to be paid by the [Husband] to [Wife]. The payments shall be made in advance on the first day of each month commencing on the 1st day of June, 2001, and shall continue until:

a. The 1st day of June, 2007;

b. Her remarriage;

c. Her co-habitation with a member of the opposite sex for a period of 7 consecutive days or longer;

d. Her death.

Although the court did not make specific findings regarding Wife's ability to meet her needs independently based on her financial resources, such omission is not conclusive of whether the court considered this factor in calculating maintenance. Neither party requested written findings of fact. Where no specific findings are requested or made by the court, we must consider the facts as having been found in accordance with the result reached. Rule 73.01(c). We, therefore, review the evidence to determine whether it provides a factual basis for the maintenance award.

Wife presented undisputed evidence that her reasonable expenses were $2,165 monthly. The court awarded $1,000 in maintenance, thus anticipating that Wife could meet her remaining expenses with other financial sources. Those sources could include her sales of crafts, minimum-wage employment, or cash proceeds from the marital property division. The court also ordered maintenance to terminate in 2007, when Wife will reach age sixty-five and may qualify for retirement benefits.

The court's limits on the amount and duration of maintenance are clear indications that it considered the full range of Wife's financial resources and determined she could independently meet some, but not all, of her reasonable needs.

With regard to Husband's ability to pay maintenance, the court determined that Husband was underemployed at the time of trial and, therefore, imputed income to him based on prior employment. Husband previously worked for Williams Trucking, where he earned $33,000 in 2000, $31,460 in 1999, $24,861 in 1998, and $20,878 in 1997. His employment with Williams Trucking was involuntarily terminated in October 2000. Husband found new employment in 2001, earning $9.00 hourly, equivalent to $18,000 annually.

The dissolution judgment states that Husband earned $38,742 in 2000, but it is unclear whether the court imputed that amount in determining his ability to pay maintenance. The evidence does not support imputation of the full amount of Husband's year 2000 income because the figure includes $2,560 in unemployment compensation and $3,155 in investment income, neither of which is Husband expected to receive in the future.

Even if the court imputed income to Husband at $33,000—his highest annual earnings at Williams Trucking—it is unlikely he could afford to pay maintenance of $1,000 monthly. Husband's net pay (after reduction for taxes) would be in the range of $24,000–$25,000, or $2,000–$2,083 monthly. Subtracting his undisputed monthly expenses of $1,762, Husband would have slightly less than $325 remaining to pay maintenance.

While the court correctly determined that Wife is entitled to maintenance pursuant to § 452.335.1, it failed to consider all relevant factors in § 452.335:2. in calculating the amount of maintenance. We re-verse the maintenance award but need not remand for additional evidence, because the record is sufficient to allow us to determine an amount of maintenance that properly balances Wife's need for partial support with Husband's ability to pay. Rule 84.14.

The trial court implicitly found that Wife is capable of working a minimum wage job, thereby imputing to her annual earnings of $11,440. As part of the division of marital property, Wife was awarded $76,575 in cash, which could be partially invested and provide a reasonable return of at least $2,000 to $3,000 per year. Thus, Wife's imputed yearly income is between $13,440 and $14,440, or between $1,120 and $1,203 per month. Wife's reasonable monthly expenses are $2,165.

Balancing Husband's ability to pay maintenance against the shortfall in Wife's ability to meet her reasonable needs, a maintenance award of $500 per month is supported by the evidence. Rule 84.14 gives this court authority to enter the judgment which the trial court should have entered in order to finally dispose of a case. Accordingly, we reverse the trial court's award of maintenance in the amount of $1,000 per month. Pursuant to Rule 84.14, this court enters judgment for Wife and against Husband for maintenance in the amount of $500 per month and terminable as set forth in the trial court's judgment. In all other respects and as amended, the judgment of the trial court is affirmed.

All concur.