

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| **WYATT W. LEE,** | ) |
| | ) |
| Respondent, | ) |
| | ) WD85856 |
| v. | ) |
| | ) **OPINION FILED:** |
| | ) November 7, 2023 |
| **BEVERLY J. LEE,** | ) |
| | ) |
| Appellant. | ) |

**Appeal from the Circuit Court of DeKalb County, Missouri
The Honorable Ryan W. Horsman, Judge**

**Before Division Two:** Janet Sutton, Presiding Judge, and
Alok Ahuja and Mark D. Pfeiffer, Judges

Ms. Beverly Lee ("Wife") appeals from the judgment entered by the Circuit Court of DeKalb County, Missouri ("trial court"), dissolving her marriage to Mr. Wyatt Lee ("Husband"). We affirm.

## Factual and Procedural History

Husband filed a petition for dissolution on February 2, 2021. At that time, Husband and Wife had been separated since June 2019. Husband served written discovery to Wife and, after four months without any response or objection to the discovery requests by Wife, Husband filed a motion to compel discovery and requested

sanctions against Wife.  The trial court was scheduled to take the motion up at a hearing on May 16, 2022, but Wife failed to appear without providing any notice or excuse; the trial court continued the hearing to June 13, 2022.  At the June 2022 hearing, the trial court sustained the motion to compel, ordering Wife to respond in full within ten days as agreed by both parties, but declined to sanction Wife at that time.  After two months without any response or objection from Wife, Husband again moved for sanctions.  The trial court took up the motion for sanctions at a hearing on October 17, 2022, nearly ten months after Husband initially served Wife with the discovery request.  The trial court sustained the motion for sanctions and struck Wife's pleadings.  The trial court then set the case for hearing on November 14, 2022.  At no time prior to November 14, 2022, did Wife seek a continuance or otherwise object to the trial court's hearing setting.

At the hearing on November 14, 2022, the trial court heard evidence on Husband's Petition for Dissolution.  The trial court permitted Wife's counsel to cross-examine Husband but refused to permit Wife to present evidence since Wife's pleadings had been stricken.  The trial court entered its judgment of dissolution on November 30, 2022. Without filing a motion for new trial, a motion to amend the judgment, or any post-trial motion asserting objection to the form of the judgment as required by Rule 78.07(c),[1] Wife appealed from the judgment *on the same day the judgment was entered*.

---

[1] All rule references are to I MISSOURI COURT RULES – STATE 2023.

## Analysis

Wife raises three points on appeal. For the sake of clarity, we address these points out of order.

## Point II

In her second point on appeal, Wife asserts the trial court abused its discretion in striking her pleadings and preventing her from presenting evidence at trial as a sanction for not responding to Husband's discovery requests.

"Imposition of sanctions for failure to make discovery is a matter within the sound discretion of the trial court, and exercise of that discretion will not be disturbed upon review unless it is unjust." *Whitworth v. Whitworth*, 878 S.W.2d 479, 481 (Mo. App. W.D. 1994); *see* Rule 61.01(b) ("If a party fails to answer interrogatories or serve objections thereto within the time provided by law. . . the court may . . . take such action in regard to the failure as are just and among others the following: (1) Enter an order striking pleadings . . . ."). A trial court does not act unjustly in striking a party's pleadings as a discovery sanction "where a party has shown a contumacious and deliberate disregard for the authority of the court." *Whitworth*, 878 S.W.2d at 482. "The trial court has an obligation to see that discovery rules are followed and to expedite litigation." *Id.*

In *Whitworth*, the husband, an over-the-road truck driver, was the respondent in a dissolution action. His wife mailed interrogatories to him. *Id.* at 481. After five months without any substantive response, on April 5, 1993, the trial court sustained a motion to compel discovery and ordered the husband to answer the interrogatories within twenty

3

days. *Id.* Approximately two months later, the wife moved for sanctions because the discovery still had not been produced and requested the trial court strike husband's pleadings. *Id.* Approximately one month later, the trial court struck the husband's pleadings for failing to comply with its discovery order. *Id.* At the trial one month after the sanction ruling, the trial court allowed the husband to cross-examine wife, but did not permit him to present his own evidence because his pleadings had been struck. *Id.* This court found no abuse of discretion in striking the husband's pleadings or preventing him from putting on evidence at trial because his inaction and failure to make himself available in response to discovery "demonstrated a deliberate disregard for the authority of the court." *Id.* at 482.

The facts here are nearly identical to *Whitworth* except Wife received even more time to correct her discovery inaction. In both cases, the offending parties failed to respond to written discovery without any explanation, even after a court order. In *Whitworth*, the trial court struck the husband's pleadings after only seven months from the initial service of the request and two months of non-compliance with its discovery order while the trial court here did so after ten months and four months respectively. Just as in *Whitworth*, we find Wife's inaction and complete refusal to respond before sanctions amounted to deliberate disregard for the authority of the trial court. The trial court did not act unjustly or abuse its discretion either in striking Wife's pleadings or denying her attempt to present evidence at the November 2022 hearing.

Point II is denied.

**Point III**

In Point III, Wife argues the trial court violated a local rule requiring it to first set all contested civil cases for a Pre-Trial/Settlement Conference Day before proceeding to trial.

Initially, we note that at the commencement of trial, Wife did not voice any objection based on inadequate notice or any alleged local rule violation. More importantly, we also note that Wife has not preserved her procedural attack on the trial court's alleged non-compliance with a local procedural rule. Wife did not file a motion for new trial below nor did Wife assert any procedural irregularity with the trial court's judgment by way of filing such a motion as required for preservation purposes according to Rule 78.07(c). *Brown v. Brown*, 423 S.W.3d 784, 788 (Mo. banc 2014); *Schumacher v. Stalder*, 644 S.W.3d 573, 579 n.5 (Mo. App. W.D. 2022) (holding appellant waived his argument to the procedural irregularity that the trial court improperly reached its judgment by acting as a "rubber stamp" because he did not raise the issue post-trial as required by Rule 78.07(c)); *Clark v. Smith*, 644 S.W.3d 835, 842 (Mo. App. W.D. 2022) (holding appellant waived his argument that the trial court erred procedurally in denying his right to an open court because he did not raise the issue in any post-trial motion).

Even assuming, *arguendo*, the trial court did not follow its local rule, the prejudice claimed in Point III is the denial of Wife's opportunity to prepare for trial so as to present evidence challenging the trial court's judgment and, likewise, to establish the trial court's failure to make statutorily required findings. However, as stated above, the trial court was within its discretion to refuse to permit Wife to present evidence in the first place, so

5

the timing of when the trial court refused Wife's proffer of evidence is of no consequence. *In re Marriage of Dickey*, 553 S.W.2d 538, 540 (Mo. App. 1977) ("The failure of notice . . . did not affect the validity of the judgment against him, if for no other reason than that his presence could add no efficacy to the proceedings. The court had stricken his answer so the husband had no standing to make a contested issue."); *see Crimmins v. Crimmins*, 121 S.W.3d 559, 561-62 (Mo. App. E.D. 2003) ("Husband was allowed the opportunity to comply with the order, and continued to fail to do so. We find no abuse of discretion . . . , nor do we find any deprivation of his due process rights as a result of the sanctions.").

"No appellate court shall reverse any judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the action. [A]ppellate review is for prejudice, not mere error." *Rasmussen v. Il. Cas. Co.*, 628 S.W.3d 166, 172 (Mo. App. W.D. 2021) (alteration in original) (internal quotation marks omitted) (citations omitted).

Wife had notice of the hearing on Husband's Petition for Dissolution, appeared by counsel, and cross-examined Husband in the presentation of his evidence. That Wife was not permitted to submit evidence at this hearing was not an abuse of discretion by the trial court, whether that hearing took place at the time it did or at a later date. Accordingly, Wife has not suffered prejudice warranting reversal.

Point III is denied.

**Point I**

Finally, Wife challenges the trial court's judgment because the judgment fails to make all of the statutory findings required by section 452.330[2] because the trial court refused to consider Wife's evidence on the relevant statutory findings. Thus, Wife argues multifariously that the judgment should be reversed because it is (1) not supported by sufficient evidence; (2) against the weight of the evidence; and (3) lacking the required statutory findings necessary in a dissolution proceeding.

First, we note that this point is multifarious, violating Rule 84.04(d), in that Wife's "appellate brief combines into the same point relied on a substantial-evidence challenge, a misapplication-of-law challenge, and an against-the-weight-of-the-evidence challenge. These are distinct claims. They must appear in separate points relied on in the appellant's brief to be preserved for appellate review." *Ivie v. Smith*, 439 S.W.3d 189, 199 n.11 (Mo. banc 2014) (citations omitted); *J.A.R. v. D.G.R.*, 426 S.W.3d 624, 630 n.10 (Mo. banc 2014) (citing *Pearson v. Koster*, 367 S.W.3d 26, 43-44, 51-52 (Mo. banc 2012)). Wife failed to correct this error even after being given notice and opportunity to do so by this Court. Wife's non-compliant point fails to preserve any error for our review, an independent ground for its denial.

More importantly, Wife's ultimate challenge is to the form of the judgment—the failure of the trial court to adhere to its statutory obligation to make findings in a dissolution proceeding pursuant to section 452.330. Yet, as discussed previously, Wife

---

[2] All statutory references are to the REVISED STATUTES OF MISSOURI 2016, as supplemented.

failed to file any post-judgment motions whatsoever, including any motion that brought to the attention of the trial court that it had failed to adhere to its statutory finding obligations under section 452.330.

Rule 78.07(c) requires: "[i]n all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Wife's failure to bring this point before the trial court as required by Rule 78.07(c) leaves no error on this point preserved for our review. *Jenkins v. Jenkins*, 368 S.W.3d 363, 369 (Mo. App. W.D. 2012); *Wennihan v. Wennihan*, 452 S.W.3d 723, 736 (Mo. App. W.D. 2015); *Williams v. Williams*, 669 S.W.3d 708, 718 (Mo. App. E.D. 2023) (refusing to consider appellant's point—that the trial court did not make findings justifying a disproportionate award of assets in a marriage dissolution—under Rule 78.07(c) for lack of preservation) (citing *Crow v. Crow*, 300 S.W.3d 561, 564-65 (Mo. App. E.D. 2009)).

Accordingly, whether by way of a multifarious point relied on or a failure to raise a claim of statutory shortcoming to the trial court in a post-judgment motion to amend, Wife has not preserved any error for our review on the claim of this point on appeal.[3]

---

[3] Wife also argues that the trial court lacked evidence concerning the factors listed in section 452.330, RSMo for division of marital property. Her argument ignores, however, that Husband testified that the parties had agreed to a division of their property, and were each in possession of the property to which they were entitled under the agreement. Such agreements, even if oral, may be enforceable. *See* § 452.325, RSMo; *see also*, *e.g.*, *Freeland v. Freeland*, 256 S.W.3d 190, 193-94 (Mo. App. E.D. 2008). Wife does not challenge the adequacy of the evidence of a property division agreement,

Point I is denied.

## Conclusion

The trial court's judgment is affirmed.

_____
Mark D. Pfeiffer, Judge


Janet Sutton, Presiding Judge, and Alok Ahuja, Judge, concur.

---

or the specificity with which the terms of that agreement were set forth either in Husband's testimony, or in the judgment.