

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

TESLA, INC.,                 )
)
           Respondent,    )
)    **WD86743**
v.                       )
)    **OPINION FILED:**
)    **August 13, 2024**
ASSURANCE TOW AND      )
RECOVERY, LLC.,          )
)
           Appellant.    )

**Appeal from the Circuit Court of Clay County, Missouri**
**The Honorable Louis Angles, Judge**

**Before Division One:** Edward R. Ardini, Jr., Presiding Judge, Mark D. Pfeiffer and
Cynthia Martin, Judges

Appellant Assurance Tow & Recovery, LLC, d/b/a Downtown Towing and
Recovery ("Assurance"), appeals following the entry of a consent judgment by the
Circuit Court of Clay County, Missouri ("trial court"), awarding vehicle title in favor
Tesla, Inc. ("Tesla"). We affirm.

## ANALYSIS

On January 2, 2023, Assurance towed a leased Tesla Model S ("the Vehicle")
from a private apartment complex and prepared an "Abandoned Property Report," Form

4669, for submission to the Kansas City, Missouri Police Department ("KCPD"). On the form, KCPD identified "Tesla Leasing Trust" ("Leasing Trust") as the owner of the Vehicle and "TLT Leasing Corp" ("TLT") as the lienholder of the Vehicle. Assurance proceeded to notify Leasing Trust and TLT of the tow at the addresses provided by KCPD.

On February 9, 2023, Tesla filed a petition with the trial court, stating it was the lienholder of the Vehicle and asserting claims for monetary damages and replevin against Assurance. Assurance timely filed an answer and counterclaim, and later an amended answer and counterclaim, asserting that Tesla "is not a lienholder with respect to [the Vehicle]" and seeking a declaration that Assurance be affirmatively declared owner of the Vehicle and "entitled to title to [the Vehicle] . . . ."

On March 16, 2023, the trial court, on motion from Tesla, issued an order decreeing that Assurance "shall immediately release the Vehicle to [Tesla] and/or [Tesla's] agent or designee." Assurance did not immediately release the Vehicle but instead indicated the Vehicle would be available for retrieval on April 3, 2023. On March 22, 2023, the trial court issued a second order decreeing that Assurance "shall immediately release the Vehicle to [Tesla] and/or [Tesla's] agent or designee" and ordering all Missouri law enforcement to assist in Tesla's recovery efforts. Assurance still failed to immediately release the Vehicle to Tesla. On March 23, 2023, Platte County Sherriff's deputies took possession of the Vehicle.

Due to continued contumacious behavior by Assurance during the pendency of litigation and discovery, Tesla filed a motion for sanctions pursuant to Rules 58.01[1] and 61.01. Before trial, the trial court partially granted the motion, sanctioning Assurance by imposing a monetary fine of $1500, striking Assurance's affirmative defenses, and dismissing its counterclaim with prejudice.

Subsequent to the trial court's sanctions ruling, the parties reached a consent judgment instead of proceeding to trial. Pursuant to the terms of the consent judgment, Tesla agreed to dismiss its monetary damages claims, and Assurance agreed to consent to judgment in favor of Tesla's claim for replevin, agreeing Tesla was entitled to "possession" and "title" of the Vehicle.[2]

Assurance attacks the consent *judgment* on appeal by arguing that the trial court erred in granting Tesla's *motion* for sanctions because the record does not reflect contumacious conduct severe enough to warrant dismissal of Assurance's counterclaim. Assurance's claim on appeal is both procedurally and substantively flawed.

Procedurally, the dismissal of Assurance's counterclaim is a moot issue. "A case is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *State ex rel. Gardner v. Boyer*, 561 S.W.3d 389, 394 (Mo. 2018) (quoting *State ex rel. Hawley v. Heagney*, 523 S.W.3d 447, 450 (Mo. banc 2017)).

---

[1] All rule references are to I MISSOURI COURT RULES-STATE 2022.
[2] Further facts necessary to our analysis of the issues presented will be discussed below.

Assurance's counterclaim sought a "declaration" that Assurance "is entitled to title to [the Vehicle]," but Assurance *conceded any determination on the issue of ownership* when it *consented* to a *judgment* that <u>Tesla</u> be awarded "possession" and "title" of the Vehicle. Thus, even if Assurance's counterclaim were restored, it would have no practical effect on the existing controversy which was already resolved *by agreement of the parties*. As Assurance concedes, "[a] consent judgment is *conclusive of matters to which the parties agreed*, and the judgment entered thereon is not subject to collateral attack except on grounds that the trial court lacked jurisdiction over the parties or over the subject matter." *Puetz-Anderson v. Puetz*, 629 S.W.3d 95, 97 (Mo. App. E.D. 2021) (emphasis added).[3]

Substantively, the trial court did not abuse its discretion in imposing sanctions, including striking Assurance's pleadings and dismissing its counterclaim. "Imposition of sanctions for failure to make discovery is a matter within the sound discretion of the trial court, and exercise of that discretion will not be disturbed upon review unless it is unjust." *Whitworth v. Whitworth*, 878 S.W.2d 479, 481 (Mo. App. W.D. 1994). A trial court does not act unjustly in striking a party's pleadings as a discovery sanction "where a party has shown a contumacious and deliberate disregard for the authority of the court." *Id*. at 482. "The trial court has an obligation to see that discovery rules are followed and to expedite litigation." *Id.*

---

[3] Assurance was *not* without a remedy in response to the trial court's ruling on Tesla's motion for sanctions. Assurance could have sought a writ of prohibition or mandamus from this Court but chose not to pursue such a remedy and, instead, *consented* to the judgment it now collaterally attacks.

4

Assurance was ordered to turn over possession of the vehicle to Tesla not once, but twice, during the pendency of the litigation. Assurance contumaciously ignored both court orders. Likewise, the trial court ordered Assurance's corporate representative to testify to specified topics at a deposition, but Assurance's corporate representative contumaciously testified in a manner that was non-responsive to basic facts about the corporate entity–such as Assurance's principal business address, the identity of Assurance's registered agent, and when Assurance came into corporate existence. In addition to being evasive and non-sensical, the corporate representative's responses were vulgar, profane, and completely disrespectful to the trial court from which Assurance sought relief. Assurance's level of disrespect for the trial court was similar to *Scott v. LeClerq*, 136 S.W.3d 183, 190-91 (Mo. App. W.D. 2004), where the sanctions ordered were deemed to be justified.

**Conclusion**

Assurance's points on appeal are denied.[4]

_(signature)_

_____

Mark D. Pfeiffer, Judge

Edward R. Ardini, Jr., Presiding Judge, Cynthia Martin, Judge, concur

---

[4] In its appellate brief, Tesla requests an award of damages under Rule 84.19 for defending against a frivolous appeal. "The preferred procedure for raising the issue of a frivolous appeal is by separate motion. However, Rule 84.19 grants us the authority to address the issue, regardless of the manner it is raised." *Cap. One Bank v. Hardin*, 178 S.W.3d 565, 577 n.7 (Mo. App. W.D. 2005) (quoting *Dale v. Hardy*, 835 S.W.2d 444, 447 (Mo. App. W.D. 1992)). "Whether or not the appeal is frivolous and damages are just and proper, Rule 84.19 sanctions are a 'drastic remedy' and we exercise our discretion 'with great caution.'" *Owen v. Washington Univ.*, 652 S.W.3d 349, 354 (Mo. App. E.D. 2022); *Wickham v. Hummel*, 659 S.W.3d 345, 368 n.15 (Mo. App. W.D. 2022). Here, we conclude that the circumstances of this case do not warrant imposing the "drastic remedy" of Rule 84.19 sanctions, so the request is denied.